184 P.3d 841

Donald HARGER and Francine Harger, Plaintiffs–Respondents–Cross Appellants,

v.

TETON SPRINGS GOLF AND CASTING, LLC, Defendant–Appellant–Cross Respondent.

and

V & R Investments, LLC; William Reid, and Anthony Vest, Defendants.

No. 33532.

Supreme Court of Idaho.
Idaho Falls, April 2008 Term.

May 2, 2008.

Moulton Law Office, Driggs, for appellants. Sean Moulton argued.

Moffatt, Thomas, Barrett, Rock & Fields, Chtd., Idaho Falls, for respondent. Bradley Williams argued.

EISMANN, Chief Justice.

This is an appeal from an order granting a new trial following a jury verdict in a breach of contract case. Because the district court's findings do not support the grant of a new trial on the ground requested, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

Donald and Francine Harger (Hargers) brought this action seeking damages for breach of contract. They had contracted to purchase a cabin from Teton Springs Golf and Casting, LLC, (Teton Springs) for the sum of $653,900. After the cabin was constructed, various disputes arose between the parties concerning the closing date, the terms of the agreement, and the cabin's construction. Ultimately, Teton Springs sent the Hargers a letter stating that the closing was set for January 5, 2004, and that if the sale was not closed on that date the agreement would be canceled. The Hargers did not appear at the closing. Mr. Harger testified that he did not receive the letter until January 7, 2004.

On January 7, 2004, Teton Springs sold the cabin for $745,000 to a company owned by one of its executives. Approximately three months later, that company sold the cabin to a third-party for $875,000. The damages sought by the Hargers included the difference between the contract price of the cabin and its value when Teton Springs breached the contract by selling the cabin. After a five-day jury trial, the jury returned a special verdict finding that Teton Springs had breached its contract with the Hargers and that the Hargers were entitled to damages in the sum of $178,000. A judgment in that amount was entered on May 2, 2006.

On May 4, 2006, the Hargers filed a motion for an additur under Rule 59.1 and/or a new trial under Rule 59(a)(5) of the Idaho Rules of Civil Procedure. They contended that the jury should have awarded a higher sum in damages. In an order issued on July 31, 2006, the district court granted a new trial on all issues. Teton Springs appealed the grant of a new trial, and the Hargers cross-appealed the grant of a new trial on all issues rather than only upon the issue of damages.

## II. ANALYSIS

The Hargers moved for a new trial based upon Rule 59(a)(5) of the Idaho Rules of Civil Procedure, which permits a trial court to grant a new trial on the ground of "inadequate damages, appearing to have been given under the influence of passion or prejudice." The district court's findings regarding the motion for a new trial included the following:

This Court has again reviewed its trial notes, the jury instructions, the jury verdict, and the authorities cited by each party. That review leads the Court to conclude that the damages awarded to the Hargers were in accord with what this Court would have awarded, but the damages are not consistent with the responses the jury gave on the verdict form.....

. . . .

Had this Court been the trier of fact it would have found that Hargers breached the contract to purchase when they failed to close following the issuance of the certif-

icate of occupancy, that this breach excused any further performance by Teton Springs, and that Hargers were entitled to the return of their down payment plus interest at the legal rate .... [footnote omitted]

The jury determined that Teton Springs breached their contract with Hargers. That finding, coupled with their answer that the contract did not limit damages to return of the down payment, should have entitled Hargers to a minimum award of the difference between the reasonable value of the property at the time of the breach—the $875,000.00 sale in March of 2004—and the contract purchase price of approximately $650,000.....

....

This Court is not satisfied that a new trial will alter the ultimate outcome in this case because the amount awarded is approximately what this Court would have awarded on the evidence presented at trial.... The Court, however, cannot reconcile the award of $178,000.00 in view of the uncontradicted evidence of purchase price and value, and on that basis concludes that the interest of justice requires a new trial on all issues between the Hargers and Teton Springs....

■ Under Rule 59(a)(5), the trial court "*must* weigh the evidence and then compare the jury's award to what he would have given had there been no jury. If the disparity is so great that it appears to the trial court that the award was given under the influence of passion or prejudice, the verdict ought not stand." *Dinneen v. Finch,* 100 Idaho 620, 625, 603 P.2d 575, 580 (1979)(emphasis in original). The district court found "that the damages awarded to the Hargers were in accord with what this Court would have awarded." That finding precludes granting a new trial under Rule 59(a)(5). It does not matter that the court arrived at its determination in a different manner than did the jury.[1] The purpose of the analysis is to determine whether it appears that the jury was influenced by passion or prejudice in

making its award. As we stated in *Quick v. Crane,* 111 Idaho 759, 769, 727 P.2d 1187, 1197 (1986) (emphasis in original),

In other words, if the trial judge discovers that his determination of damages is so substantially different from that of the jury that he can *only* explain this difference as resulting from some unfair behavior, or what the law calls "passion or prejudice," on the part of the jury against one or some of the parties, then he should grant a new trial.

The district court did not base its order granting a new trial upon any determination that the jury appeared to have been influenced by passion or prejudice. Rather, it determined that the jury award appeared inadequate based upon the jury's finding that Teton Springs had breached the contract. As it concluded, "The Court, however, cannot reconcile the award of $178,000.00 in view of the uncontradicted evidence of purchase price and value, and on this basis concludes that the interest of justice requires a new trial on all issues between the Hargers and Teton Springs." The district court granted a new trial based upon the insufficiency of the evidence, which would be based upon Rule 59(a)(6), not Rule 59(a)(5).

■ "There is a qualitative difference between a trial judge's role in deciding whether a new trial is justified based on the insufficiency of the evidence under Rule 59(a)(6), and whether a new trial is justified based on the amount of the jury's award of damages under Rule 59(a)(5)." *Quick v. Crane,* 111 Idaho 759, 768, 727 P.2d 1187, 1196 (1986). As mentioned above, a new trial can be granted under Rule 59(a)(5) on the ground of "inadequate damages, appearing to have been given under the influence of passion or prejudice." A new trial can be granted under Rule 59(a)(6) based upon the "[i]nsufficiency of the evidence to justify the verdict." The trial court's analysis under the two rules is different. Under Rule 59(a)(5), the trial court "*must* weigh the evidence and then compare the jury's award to what he would have given had there been no jury. If the

---

1. The district court stated that it would have found that the Hargers breached the contract and that the return of their payments plus inter-

est would have approximated the jury award. The jury found that Teton Springs, not the Hargers, had breached the contract.

disparity is so great that it appears to the trial court that the award was given under the influence of passion or prejudice, the verdict ought not stand." *Dinneen*, 100 Idaho at 625, 603 P.2d at 580 (emphasis in original). Under Rule 59(a)(6), the trial judge must "weigh the evidence and determine (1) whether the verdict is against his or her view of the clear weight of the evidence; and (2) whether a new trial would produce a different result." *Schwan's Sales Enterprises, Inc. v. Idaho Transportation Dept.*, 142 Idaho 826, 833, 136 P.3d 297, 304 (2006).

In this case, the Hargers moved for a new trial on the ground of inadequate damages, appearing to have been given under the influence of passion or prejudice. To grant a new trial on that ground, the trial court must first find that there is a disparity between the amount of damages awarded by the jury and the amount the judge would have awarded. *Dinneen*, 100 Idaho at 625, 603 P.2d at 580. If there is a disparity, the court must then determine that it is "so great as to suggest, but not necessarily establish, that the award is what might be expected of a jury acting under the influence of passion or prejudice." *Id.* In this case, the court found that the damages awarded by the jury were in accord with what it would have awarded. Therefore, the court could not grant a new trial pursuant to Rule 59(a)(5).

 The court apparently granted the new trial on the ground of the insufficiency of the evidence to support the verdict under Rule 59(a)(6). The Hargers' motion was not based upon that ground, and the court could not *sua sponte* grant a new trial on that ground. Even if the court had made the requisite findings to support the grant of a new trial under Rule 59(a)(6),[2] it could only do so *sua sponte* within fourteen days after the entry of judgment. *Syth v. Parke*, 121 Idaho 156, 159, 823 P.2d 760, 763 n. 2 (1991); I.R.C.P. 59(d). The judgment in this case was entered on May 2, 2006, and the court's order was issued on July 31, 2006.

**2.** To grant a new trial under Rule 59(a)(6), the trial court must find that a new trial would produce a different result. *Schwan's Sales Enterprises, Inc. v. Idaho Transportation Dept.*, 142 Idaho 826, 833, 136 P.3d 297, 304 (2006). In this case, the district court did not so find. In its

The Hargers ask for an award of attorney fees on appeal pursuant to Idaho Code § 12–120(3). Attorney fees under that statute are awardable only to the prevailing party. Because the Hargers are not the prevailing parties on this appeal, they are not entitled to an award of attorney fees.

## III. CONCLUSION

We reverse the order granting a new trial and remand this case with directions to enter a judgment for the Hargers on the verdict. We award costs on appeal to the appellant.

Justices BURDICK, J. JONES, W. JONES and HORTON concur.

order, it stated, "This Court is not satisfied that a new trial will alter the ultimate outcome of this case because the amount awarded is approximately what this Court would have awarded on the evidence presented at trial."