IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 39781-2012

IDAHO TRUST BANK, an Idaho corporation, f/k/a IDAHO TRUST NATIONAL BANK,

Plaintiff-Respondent,

v.

MICHAEL R. CHRISTIAN, an individual,

Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, May 2013 Term

2013 Opinion No. 61

Filed: May 23, 2013

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County.  The Hon. Cheri C. Copsey, District Judge.

The judgment of the district court is affirmed.

Barry L. Marcus, Marcus Christian Hardee & Davies, Boise, argued for appellant.

Fredric V. Shoemaker, Greener Burke Shoemaker Oberrecht, Boise, argued for respondent.

_____

EISMANN, Justice.

This is an appeal out of Ada County from a summary judgment granted against the appellant in an action to recover on his personal guaranty.  We affirm the judgment of the district court.

## I.
## Factual Background.

On December 8, 2006, Trinity Investments, LLC (Borrower), an Idaho limited liability company, executed and delivered to Idaho Trust National Bank (Lender) a promissory note in the principal amount of $5,625,000.00 to develop a parcel of real property and construct townhouses upon it.  Borrower was to make monthly payments of accrued interest and to pay the outstanding principal, plus accrued interest, on December 8, 2007.  Borrower and Lender later

entered into several agreements to change the terms of the note to reduce the principal and extend the date of maturity. The note was secured by a construction deed of trust on the real property being developed. Michael R. Christian (Guarantor) executed the promissory note as a member of Borrower, and he also signed a guaranty of Borrower's indebtedness to Lender.

Borrower ultimately defaulted on the loan, and Lender brought a lawsuit against it to recover on the promissory note. During that proceeding, they stipulated to have a receiver appointed to market and sell the real property that was the collateral for the note. The receiver was authorized to sell the townhouse units for 80% of their appraised value without court approval. Guarantor signed the stipulation appointing the receiver as attorney in fact for Borrower. By June 2011, the receiver had sold all of the remaining properties. Those sales did not generate sufficient funds to pay the sums owing on the note.

On May 13, 2011, Lender brought this action to recover from Guarantor the balance owing by Borrower on the note. The district court granted Lender's motion for summary judgment and denied Borrower's motion for reconsideration. On March 7, 2012, the district court entered judgment in favor of Lender against Guarantor in the sum of $1,743,448.01, plus interest in the amount of $7,687.68. Guarantor timely appealed.

## II.
## Did the District Court Err in Holding that the Guaranty Agreement Is Not Ambiguous?

Guarantor contends that Lender could not recover a deficiency judgment against Borrower because the property was sold by the receiver rather than by foreclosing on the deed of trust and that the guaranty is ambiguous as to whether it extends to debts not enforceable against Borrower. We need not decide whether Idaho Code section 45-1512 applies where the property subject to the deed of trust is not sold at a foreclosure sale but is sold by a receiver pursuant to the agreement of the grantor of the deed of trust. The guaranty states, "For good and valuable consideration, Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of *the Indebtedness of Borrower to Lender*, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents." (Emphasis added.) According to Guarantor, the definition of "Indebtedness" in the guaranty is ambiguous as to whether it includes debts that are not enforceable against Borrower.

2

The guaranty agreement defines indebtedness as follows:

> The word "Indebtedness" as used in this Guaranty means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, reasonable attorneys' fees, arising from any and all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired, that Borrower individually or collectively or interchangeably with others, owes or will owe Lender. "Indebtedness" includes, without limitation, loans, advances, debts, overdraft indebtedness, credit card indebtedness, lease obligations, other obligations, and liabilities of Borrower, and any present or future judgments against Borrower, future advances, loans or transactions that renew, extend, modify, refinance, consolidate or substitute these debts, liabilities and obligations whether: voluntarily or involuntarily incurred; due or to become due by their terms or acceleration; absolute or contingent; liquidated or unliquidated; determined or undetermined; direct or indirect; primary or secondary in nature or arising from a guaranty or surety; secured or unsecured; joint or several or joint and several; evidenced by a negotiable or non negotiable instrument or writing; originated by Lender or another or others; barred or unenforceable against Borrower for any reason whatsoever; for any transactions that may be voidable for any reason (such as infancy, insanity, ultra vires or otherwise); and originated then reduced or extinguished and then afterwards increased or reinstated.

The definition consists of two sentences. Guarantor contends there is a conflict between the first and second sentences, thereby creating an ambiguity. The first sentence states that indebtedness means outstanding principal, unpaid interest, all collection costs, and reasonable attorney's fees "that Borrower . . . owes or will owe lender." Guarantor argues that the conflict and resulting ambiguity occurs because the word "owes" should mean "subject to an enforceable obligation to pay," but the second sentence of the definition states that an indebtedness includes loans and debts that are "barred or unenforceable against Borrower for any reason whatsoever." Guarantor asserts that the two sentences in the definition should not be read together, but that the first sentence should be considered the primary definition of indebtedness and the second sentence should be considered the conflicting secondary definition.

"Whether a contract is ambiguous is an issue of law." *McDevitt v. Sportsman's Warehouse, Inc.*, 151 Idaho 280, 283, 255 P.3d 1166, 1169 (2011). "For a contract term to be ambiguous, there must be at least two different reasonable interpretations of the term or it must be nonsensical." *Swanson v. Beco Constr. Co.*, 145 Idaho 59, 62, 175 P.3d 748, 751 (2007)(Citations omitted). As counsel for Guarantor admitted during oral argument, the parties

3

to a contract are free to define in the contract words that are used therein, even if those definitions vary from the normal meanings of the words. *Id.* Because the word "indebtedness" is defined in the contract, we have no need to address Guarantor's asserted definition of the word "owes."

The guaranty defines the indebtedness that it covers. There is no logical basis for Guarantor's argument that the first sentence of the contractual definition should be considered the primary definition and the second sentence the secondary definition. Both sentences together define the term. Under the definition written in the parties' contract, " '[i]ndebtedness' includes, without limitation, loans, advances, debts, . . . and liabilities of Borrower . . . whether: . . . barred or unenforceable against Borrower for any reason whatsoever." Thus, whether Lender could recover additional sums against Borrower is irrelevant. It is entitled to recover those sums against Guarantor under the unambiguous terms of the guaranty. The district court did not err in granting Lender's motion for summary judgment.

## III.
### Is Either Party Entitled to Recover Attorney Fees on Appeal?

Both parties seek an award of attorney fees on appeal pursuant to Idaho Code section 12-120(3). Guarantor bases its request for an award of fees on the part of the statute entitling the prevailing party to recover reasonable attorney fees in "any civil action to recover . . . in any commercial transaction." Lender bases its request upon the part of the statute entitling the prevailing party to recover reasonable attorney fees in "any civil action to recover on . . . [a] guaranty."

Because Guarantor is not the prevailing party on appeal, he is not entitled to an award of attorney fees under that statute. *Harger v. Teton Springs Golf and Casting, LLC*, 145 Idaho 716, 719, 184 P.3d 841, 844 (2008). Lender is the prevailing party on appeal, and it is therefore entitled to an award of attorney fees under the statute. *Washington Fed. Sav. v. Van Engelen*, 153 Idaho 648, 658, 289 P.3d 50, 60 (2012).

## IV.
### Conclusion.

4

We affirm the judgment of the district court. We award respondent costs on appeal, including reasonable attorney fees.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**