# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41297

INTERNATIONAL REAL ESTATE ) 
SOLUTIONS, INC., ) Boise, August 2014 Term
 )
 Plaintiff-Respondent, ) 2014 Opinion No. 141
 )
v. ) Filed: December 30, 2014
 )
GORDON ARAVE, THOMAS ARAVE, and ) Stephen Kenyon, Clerk
BRENT ARAVE, )
 )
 Defendants-Appellants. )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Hon. David C. Nye, District Judge.

The judgment of the district court is affirmed.

Kirton McConkie, Lehi, Utah, for appellants. Richard John Armstrong argued.

Jones Chartered, Pocatello, for respondent. Jack H. Robison argued.

_____

HORTON, Justice.

Gordon, Thomas, and Brent Arave appeal the district court's decision dismissing their motion to compel International Real Estate Solutions, Inc. (International Real Estate) to record a satisfaction of judgment. On a motion for reconsideration, the district court concluded that a final default judgment entered against the Araves in Utah for breach of a guaranty and fraud, which was domesticated in Idaho under Idaho Code section 10-1302, had not been satisfied by the foreclosure sale of property not owned by the Araves. The Araves argue on appeal that the judgment against them should be offset by the value of the property that was foreclosed upon. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 1, 2011, International Real Estate issued a short-term, $300,000 loan to B.T.G. Investments, Inc. (B.T.G.) for use as earnest money on a larger $30 million loan from another lender. B.T.G executed a promissory note in favor of International Real Estate promising to pay the principal sum of $300,000, plus fees and interest, on or before September 29, 2011 (the

1

Promissory Note). The Promissory Note was signed by Thomas Arave as the manager of B.T.G., along with Gordon and Brent Arave. As security for the loan, B.T.G. granted International Real Estate a first priority Deed of Trust to property owned by B.T.G. located in Blackfoot, Idaho (the Property).

As additional security for the loan, Gordon, Thomas, and Brent Arave signed a personal guaranty in favor of International Real Estate (the Guaranty). Under the terms of the Guaranty, the Araves, jointly and severally, guaranteed the full payment and performance of the obligations of the Promissory Note.

B.T.G. defaulted on the repayment of the loan. In November of 2011, International Real Estate, a Utah corporation, filed a lawsuit solely against the Araves in Utah district court. The complaint alleged breach of guaranty and fraud and/or misrepresentation. The Araves did not respond to the complaint and the Utah district court entered a final default judgment on March 1, 2012. International Real Estate was awarded judgment on all of its causes of action against the Araves, individually and severally, in the principal amount of $300,000, plus interest accruing at a rate of 30% per annum. International Real Estate was also awarded late fees, attorney fees, and costs, bringing the total judgment as of February 2, 2012, to $372,138.13. The Utah district court also found that "based on [the Araves'] default, that the [Araves] procured the loan through fraud and/or misrepresentation."

Meanwhile, on January 18, 2012, International Real Estate filed a foreclosure action on the Deed of Trust in Bingham County district court solely against B.T.G. On March 1, 2012, the Bingham County district court entered a judgment against B.T.G. for $379,626.43 plus 5.25% annual interest. In connection with this judgment, the district court issued a Writ of Execution for Foreclosure of Real Property, requiring the Bingham County Sheriff to sell the Property at a foreclosure sale. The sale took place on April 27, 2012, and International Real Estate purchased the Property at the foreclosure sale with a credit bid of $59,200.

On April 3, 2012, International Real Estate filed its foreign Utah judgment against the Araves in Idaho's Bingham County district court pursuant to Idaho Code section 10-1302. On May 9, 2012, International Real Estate applied for a charging order to be entered as a lien against various limited liability companies in which the Araves had interests. In response, the Araves moved for a preliminary injunction, which the district court granted on July 12, 2013.

In May of 2012, International Real Estate asserted that the Araves, jointly and severally, owed $332,996.27. This amount included the amount due under the Utah judgment plus interest, less the "recovery through foreclosure" of the B.T.G. property of $59,200. Thus, as of May 2012, International Real Estate had credited the Araves for the amount recovered through the foreclosure sale of the Property.

The Araves filed a motion to compel International Real Estate to record a satisfaction of judgment, arguing that by foreclosing on the Property International Real Estate received something of value that was equal to, or exceeded, the amount of the debt owed, and that the sale of the Property satisfied the Araves' obligation under the Utah judgment. International Real Estate countered by filing a motion to dismiss the Araves' motion to compel recording of satisfaction. A hearing was held on October 4, 2012, and on November 8, 2012, the district court denied International Real Estate's motion to dismiss. The district court reasoned that there was an issue of double recovery that required an evidentiary hearing, namely regarding the fair market value of the Property.

International Real Estate moved for reconsideration, and a hearing on the matter was held on April 19, 2013. The district court granted International Real Estate's motion to reconsider. In addition, the district court granted International Real Estate's motion to dismiss the Araves' motion to compel satisfaction of the judgment. An order dismissing the Araves' motion to compel satisfaction was entered on June 21, 2012. The Araves timely appealed to this Court.[1]

## II. STANDARD OF REVIEW

When a district court decides a motion to reconsider, "the district court must apply the same standard of review that the court applied when deciding the original order that is being reconsidered." *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012). If the original order was within the trial court's discretion, then so is the decision to grant or deny the motion to reconsider. *Id.* When we review a trial court's decision to grant or deny a motion for reconsideration, we use the same standard of review the lower court used in deciding the motion for reconsideration. *Id.*

*Westby v. Schaefer*, No. 40587, 2014 WL 6864370, at *5 (Idaho Nov. 25, 2014). This Court exercises free review over matters of law regarding filing of a foreign judgment pursuant to

---

[1] The Araves purported to appeal pursuant to I.A.R. 11(a)(1), asserting the district court entered a final judgment. This is incorrect, but the appeal is properly before this Court under I.A.R. 11(a)(7) as an appeal from an order made after the entry of final judgment.

Idaho Code sections 10-1301 et. seq. *Burns v. Baldwin*, 138 Idaho 480, 483, 65 P.3d 502, 505 (2003).

## III. ANALYSIS

**A. The district court did not err in granting International Real Estate's motion for reconsideration.**

After the district court denied International Real Estate's motion to dismiss, International Real Estate moved for reconsideration. The district court granted the motion to reconsider in its May 30, 2013 decision. On appeal, the Araves argue that the district court abused its discretion in granting this motion because International Real Estate presented nothing more than a re-briefing of the issues already presented to the district court on the motion to dismiss. International Real Estate counters that the district court did not abuse its discretion in reconsidering the issue because the presentation of new facts was not required, and the district court applied the facts to a different presentation of law.

Pursuant to I.R.C.P. 11(a)(2)(B), "[a] motion for reconsideration of any order of the trial court made after entry of final judgment may be filed within fourteen (14) days from the entry of such order . . . ." This Court has explained that "[w]hen considering a motion of this type, the trial court should take into account any new facts presented by the moving party that bear on the correctness of the interlocutory order." *Johnson v. N. Idaho Coll.*, 153 Idaho 58, 62, 278 P.3d 928, 932 (2012) (quoting *Coeur d'Alene Mining Co. v. First Nat'l Bank of N. Idaho*, 118 Idaho 812, 823, 800 P.2d 1026, 1037 (1990)). However, I.R.C.P. 11(a)(2)(B) "does not expressly contain a new evidence requirement." *Id.* This Court has explained that "[a] motion for reconsideration is a motion which allows the court—when new law is applied to previously presented facts, when new facts are applied to previously presented law, or any combination thereof—to reconsider the correctness of an interlocutory order." *Id.*

Here, the district court did not err by granting International Real Estate's motion for reconsideration despite the absence of new evidence. The purpose of a motion for reconsideration is to reexamine the correctness of an order; in this case it was the district court's order denying International Real Estate's motion to dismiss.

**B. The district court did not err in dismissing the Araves' motion to compel satisfaction of judgment as the judgment against them had not been satisfied.**

The district court ultimately granted International Real Estate's motion to dismiss the Araves' motion to compel satisfaction of judgment. The district court reasoned that although the

Araves raised satisfaction of the Utah judgment as a defense, the district court was constrained to consider only whether the amount of the judgment had been satisfied and that it could not delve into the underlying obligation upon which the Utah judgment was based. Because there was no evidence that the Araves had any ownership in the B.T.G. Property, there were no grounds to find that the judgment against the Araves had been satisfied by the foreclosure on the B.T.G. property.

On appeal, the Araves assert that since the foreclosure on the Deed of Trust and the Utah default judgment both arise out of the same occurrence, International Real Estate is entitled to only one satisfaction. As such, the Araves argue that the amount of the judgment domesticated in Idaho should be offset by the fair market value of the Property that was foreclosed upon. International Real Estate argues that the Utah judgment is a final judgment that cannot be relitigated in the Idaho courts. International Real Estate also argues that the Araves demonstrated no ownership interest in the foreclosed property, meaning there was no satisfaction of the judgment against the Araves.[2]

Under the Enforcement of Foreign Judgments Act (EFJA),

> A copy of any foreign judgment certified in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any district court of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner . . . .

I.C. § 10-1302.

A foreign judgment is a judgment "which is entitled to full faith and credit in this state." I.C. § 10-1301. "Only defenses such as lack of personal or subject-matter jurisdiction of the

---

[2] We note the inconsistency between International Real Estate's argument and its May 2012 filing in which it credited the Araves with $59,200 from the sale of the Property. Although not necessary to our decision, as we conclude that the foreclosure sale of the Property owned by B.T.G. did not satisfy any portion of the judgment against the Araves, we will briefly address the proper credit arising from the purchase of property at foreclosure by way of a credit bid.

This Court has held that a credit bid, wherein the creditor purchases the security by bidding up to the amount owed by the debtor, "immediately reduces" the debtor's obligation by the extent of the bid. *Fed. Home Loan Mortg. Corp. v. Appel*, 143 Idaho 42, 44–45, 137 P.3d 429, 431–32 (2006). If the Araves had been entitled to claim that the judgment against them was satisfied by the sale, they would not have been entitled to a credit based on the market value of the property, but only the amount of the credit bid. 50 C.J.S. *Judgments* § 904 (2014) ("Where property of the debtor is sold on execution, and the sale stands, the judgment is satisfied to the extent of the net proceeds of the sale").

rendering court, fraud in the procurement of the judgment, lack of due process, satisfaction, or other grounds" which destroy the full faith and credit normally owed to a foreign judgment may be raised by a party against whom enforcement of a foreign judgment is sought. 30 Am. Jur. 2d *Executions, Etc.* § 787 (2005); *see Andre v. Morrow*, 106 Idaho 455, 460, 680 P.2d 1355, 1360 (1984). Thus, "[t]he merits of a foreign judgment may not be reopened or reexamined." 30 Am. Jur. 2d *Executions, Etc.* § 787 (2005); *see Burns*, 138 Idaho at 485, 65 P.3d at 507. This Court has recognized that "[a] party cannot escape the requirements of full faith and credit and res judicata by asserting its own failure to raise matters clearly within the scope of a prior proceeding." *Burns*, 138 Idaho at 485–86, 65 P.3d at 507–08 (quoting *Underwriters Nat'l Assurance Co. v. N.C. Life & Health Ins. Guar. Ass'n*, 455 U.S. 691, 710 (1982)).

This appeal arises out of the Araves' motion to compel International Real Estate to record a satisfaction of the judgment, which is specifically allowed in Idaho Code section 10-1302. Pursuant to I.R.C.P. 58(b), a judgment creditor has a duty to record a satisfaction of judgment "[u]pon full payment of a judgment . . . ." The judgment at issue is against Gordon, Thomas, and Brent Arave individually and severally. The Araves admit that they had no ownership interest in the Property that was sold and the Araves presented no additional evidence that the Utah judgment against them had been satisfied through any other means. Thus, the sale of property not owned by the Araves did not constitute satisfaction of the Utah judgment.

The Araves have not argued that the judgment against them is not entitled to full faith and credit. The district court correctly concluded that the Araves were seeking to relitigate the connection between the Guaranty and the Promissory Note, an argument which could have been raised in Utah before the Utah district court. International Real Estate filed its complaint against the Araves on November 14, 2011. International Real Estate filed its foreclosure action against B.T.G. on January 18, 2012. The Utah default judgment was not filed until March of 2012, indicating that B.T.G., and Thomas Arave as a manager of B.T.G., were on notice that International Real Estate was seeking recovery in two separate actions under the Guaranty and the Promissory Note. For these reasons, the district court did not err in dismissing the Araves' motion to compel satisfaction of the judgment.

**C. International Real Estate is not entitled to attorney fees on appeal.**

International Real Estate argues that it is entitled to attorney fees on appeal pursuant to Idaho Code section 12-120(3), I.A.R. 41, and because it was awarded attorney fees in the Utah

Judgment. The Araves do not offer any responsive argument on the issue of attorney fees. Each basis will be addressed in turn.

### 1. Idaho Code section 12-120(3)

International Real Estate requests attorney fees under Idaho Code section 12-120(3) because the gravamen of this lawsuit is a commercial transaction which includes recovery on a guaranty.

Under the EFJA, domesticating a foreign judgment does not involve filing a cause of action in Idaho. "An EFJA filing does not involve initiating a new case," and but simply treats that foreign judgment "the same as a judgment rendered by an Idaho state court." *Grazer v. Jones*, 154 Idaho 58, 65, 294 P.3d 184, 191 (2013). Thus, "[n]o new Idaho judgment is created by an EFJA filing." *Id.* at 67, 294 P.3d at 193. We treat the judgment against the Araves as any other judgment rendered by an Idaho state court.

Pursuant to Idaho Code section 12-120(3), in a civil action to recover on a guaranty, "and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee . . . ." *See Idaho Trust Bank v. Christian*, 154 Idaho 657, 659–60, 301 P.3d 1275, 1277–78 (2013). However, while Idaho Code section 12-120(3) authorizes an award of attorney fees in a civil action to recover on a guaranty, we have explained that after entry of the judgment, a cause of action based on a guaranty "is merged into the judgment" thereby extinguishing the guaranty as the basis for post-judgment collection proceedings. *See Allison v. John M. Biggs, Inc.*, 121 Idaho 567, 568, 826 P.2d 916, 917 (1992). Thus, International Real Estate is not entitled to fees under Idaho Code section 12-120(3) because this appeal is premised on International Real Estate's post-judgment collection on the Utah judgment, not an action on the Guaranty.[3]

### 2. Idaho Appellate Rule 41

---

[3] Pursuant to Idaho Code section 12-120(5): "In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment." Had International Real Estate requested fees under Idaho Code section 12-120(5) as a reasonable post-judgment attempt to collect on the judgment, this Court would have looked to whether International Real Estate was entitled to attorney fees under subsection (3) in the underlying proceeding that resulted in the judgment. *Credit Bureau of E. Idaho, Inc. v. Lecheminant*, 149 Idaho 467, 473, 235 P.3d 1188, 1194 (2010). However, International Real Estate did not request fees under Idaho Code section 12-120(5). Absent such a request, we will not award attorney fees under the statute. *Bream v. Benscoter*, 139 Idaho 364, 369, 79 P.3d 723, 728 (2003) ("If the party is claiming that a statute provides authority for an award of attorney fees, the party must cite to the statute and, if applicable, the specific subsection of the statute upon which the party relies.").

International Real Estate also requests attorney fees under I.A.R. 41, arguing that such an award is appropriate because the Araves brought this appeal frivolously and unreasonably. "We have repeatedly held that simply requesting an award of attorney fees pursuant to Idaho Appellate Rule 41, without citing any statutory or contractual basis for the award, is insufficient to raise the issue of attorney fees on appeal." *Athay v. Stacey*, 142 Idaho 360, 371, 128 P.3d 897, 908 (2005). Here, International Real Estate has failed to cite any statutory basis for its separate request for an award under I.A.R. 41.

### 3. Attorney Fees in the Utah Judgment

International Real Estate also argues it is entitled to attorney fees on appeal because it "was awarded attorney's fees in the Utah judgment." Again, as a general rule, attorney fees are not awarded on appeal except pursuant to "a statute or contractual provision authorizing an award of attorney fees on appeal." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 127, 157 P.3d 613, 621 (2007). International Real Estate has not provided this Court any provision authorizing an award of attorney fees on appeal from an order in connection with the EFJA. As such, International Real Estate is not entitled to attorney fees on appeal based on an award of attorney fees in a foreign judgment.

## IV. CONCLUSION

We affirm the decision of the district court dismissing the Araves' Motion to Compel Satisfaction of Judgment. Costs, but not attorney fees, are awarded on appeal to International Real Estate.

Chief Justice BURDICK, Justices EISMANN, J. JONES and Justice Pro Tem WALTERS, **CONCUR**.

8