**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52413**

| | |
|---|---|
| MARK JACOB MISKIN,<br><br>   Plaintiff-Appellant,<br><br>v.<br><br>TIA C. MORRELL,<br><br>   Defendant-Respondent. | )<br>) **Filed:  December 3, 2025**<br>)<br>) **Melanie Gagnepain, Clerk**<br>)<br>) **THIS IS AN UNPUBLISHED**<br>) **OPINION AND SHALL NOT**<br>) **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County.  Hon. Darren B. Simpson, District Judge.

Judgment of the district court granting summary judgment and dismissing complaint, <u>affirmed</u>.

Wood Law Group, PC; T. Jason Wood, Idaho Falls, for appellant.  T. Jason Wood argued.

Haman Law Office, PC; Michael Haman, Coeur d'Alene, for respondent.  Michael Haman argued.

_____

GRATTON, Chief Judge

   Mark Jacob Miskin appeals from the judgment of the district court granting summary judgment and dismissing Miskin's personal injury and property damage complaint.  Miskin argues the district court erred in finding that he failed to create a genuine issue of material fact as to his claim of incompetency and consequent tolling of the statute of limitations under Idaho Code § 5-230.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

   On March 20, 2019, Miskin, then twenty-four years old, was rear-ended near Blackfoot, Idaho, by Morrell.  The accident caused Miskin to spin off the freeway into the median, causing injuries and property damage.  Miskin filed suit for personal injury and property damage against Morrell on October 19, 2022.  The statute of limitations for personal injury is two years, I.C. § 5-

219(4), and the statute of limitations for property damage is three years, I.C. § 5-218(3). The lawsuit was filed nearly three and one-half years after the accident, outside the applicable statute of limitations periods.

Morrell filed a motion for summary judgment contending the case should be dismissed as untimely under the statute of limitations periods. Miskin responded, claiming the statutes of limitation should be tolled due to his incompetency as provided in I.C. § 5-230. Idaho Code § 5-230 provides the time of incompetency is not part of the limitation period (up to six years) and the incompetency must have existed at the time the cause of action accrued; in this case, the date of the accident. In support, Miskin filed an affidavit of Amber Birch, PMHNP (Psychiatric Mental Health Nurse Practitioner). Birch first evaluated Miskin on June 14, 2023, conducted an assessment, collected some history, and began mental health treatment for Miskin. Birch found that Miskin "suffers from several mental health disorders of longstanding origin, including autistic disorder, schizoaffective disorder, and antisocial personality disorder." Based on her assessment, Birch opined that

> more probably than not, in March 2019, Mr. Miskin was unable either to manage his personal affairs or to understand his legal rights and liabilities, and that his mental health disorders more likely than not prevented him from complying with a statute of limitations applicable to his automobile collision in March 2019.

In response, Morrell argued that Birch was not qualified to render an opinion, and, in any event, the opinion was without adequate support and did not establish a genuine issue of material fact as to Miskin's competency. The district court granted summary judgment finding that Birch's affidavit was unsupported by facts sufficient to opine as to Miskin's condition on March 20, 2019.

Pursuant to Idaho Rule of Civil Procedure 11.2(b),[1] Miskin filed a motion for reconsideration and a second affidavit from Birch. Birch provided additional factual support for her opinion, derived from conversations with Miskin's dad, regarding circumstances when, inter alia, Miskin exhibited his forgetfulness, lack of focus, and disregard for tasks and deadlines. Birch again opined that Miskin was incompetent on the date of the accident. Morrell responded, contending that I.R.C.P. 11.2(b) did not provide a second chance to submit evidence that should have been submitted in opposition to the motion for summary judgment, that the second Birch affidavit did not constitute "newly discovered" evidence, and that Birch's affidavit chronicling Miskin's forgetfulness remained insufficient, even considering the additional factual detail in the

---

[1] Formerly, Idaho Rule of Civil Procedure 11(a)(2)(B).

affidavit. Miskin replied, arguing that Birch's affidavit satisfied Idaho Rule of Evidence 702 because Birch qualified as an expert, and her specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. Miskin again argued the Birch affidavits established incompetency and that the defendant and the district court's disagreement was "armchair psychiatry." The district court denied the motion for reconsideration. As an initial matter, the district court held that the court has discretion under I.R.C.P. 11 to refuse to consider evidence submitted in support of reconsideration of a summary judgment decision. The district court exercised that discretion and denied the motion because the second Birch affidavit was untimely. Alternatively, the district court found the combined Birch affidavits insufficient to establish incompetency at the time of the accident. The district court granted summary judgment and dismissed Miskin's complaint. Miskin appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision on summary judgment, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of

3

the nonmoving party.  *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law.  *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

The trial court has broad discretion in determining the admissibility of testimonial evidence.  A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion.  *Mac Tools, Inc. v. Griffin*, 126 Idaho 193, 199, 879 P.2d 1126, 1132 (1994).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court:  (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason.  *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

When deciding a motion for reconsideration, the district court must apply the same standard of review that the court applied when deciding the original order that is being reconsidered.  In other words, if the original order was a matter within the trial court's discretion, then so is the decision to grant or deny the motion for reconsideration.  If the original order was governed by a different standard, then that standard applies to the motion for reconsideration. Likewise, when reviewing a trial court's decision to grant or deny a motion for reconsideration, this Court utilizes the same standard of review used by the lower court in deciding the motion for reconsideration.  If the decision was within the trial court's discretion, we apply an abuse of discretion standard.  *Westover v. Idaho Counties Risk Management Program*, 164 Idaho 385, 391, 430 P.3d 1284, 1290 (2018).

### III.

### ANALYSIS

Miskin claims the district court erred by granting Morrell's motion for summary judgment. Specifically, Miskin contends the district court abused its discretion by failing to properly apply I.R.E. 705 in finding that Birch's first affidavit was insufficient.  Miskin argues that the district court improperly found the affidavit factually deficient when I.R.E. 705 allows an expert opinion without prior disclosure of underlying facts or data.  Consequently, Miskin asserts that the district court erred in its initial grant of summary judgment.  In addition, Miskin argues the district court

4

abused its discretion in refusing to consider Birch's second affidavit filed in support of his motion for reconsideration and that the second Birch affidavit created a genuine issue of fact as to his incompetency.

## A.     Miskin's I.R.E. 705 Argument

The district court, in the initial summary judgment decision, determined the Birch affidavit was insufficient because it lacked factual support for the conclusion that Miskin was incompetent on March 20, 2019. On appeal, Miskin acknowledges that, in her first affidavit, Birch did not set forth all of the facts and data which supported her opinion. However, Miskin argues that Birch was not required to do so under the terms of I.R.E. 705. Idaho Rule of Evidence 705 provides:

> Unless the court orders otherwise, an expert may state an opinion--and give the reasons for it--without prior disclosure of the underlying facts or data, provided that, if requested pursuant to the rules of discovery, the underlying facts or data were disclosed. But the expert may be required to disclose those facts or data on cross-examination.

Morrell did not request, through discovery, the facts and data relied upon by Birch in forming her opinion. Thus, Miskin contends the district court erred in finding that Birch's first affidavit was insufficient on the ground that the facts and data were not set out therein.

At no time before the district court did Miskin raise I.R.E. 705 in defense of the lack of factual foundation for Birch's opinion. Indeed, on reconsideration, after the district court again found the facts and data supporting the opinion lacking, Miskin only mentions I.R.E. 702 for its general standard that if scientific or specialized knowledge would assist the trier of fact to understand the evidence or to determine a fact in issue, the expert may testify by opinion. The district court did not address I.R.E. 705 in either of its decisions. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). The district court did not have the opportunity to rule on the argument. Therefore, Miskin has failed to preserve the issue for review.

Nonetheless, the disclosure rule in I.R.E. 705 has no application in this context. Miskin had the burden to demonstrate a genuine issue of material fact in response to the prima facia showing of applicability of the statute of limitations periods by Morrell. Regardless of whether Miskin had previously disclosed the facts and data in support of the Birch affidavit, on summary judgment, Miskin was required to supply the factual basis for Birch's opinion and the reasons for that opinion. The district court found that the Birch affidavit failed to create a genuine issue of material fact because it failed to provide relevant facts supporting the incompetency opinion.

5

**B.    Summary Judgment**

As noted in the discussion above regarding I.R.E. 705, Miskin's argument on appeal that the district court erred in granting the summary judgment motion appears limited to the claim that the district court erred in failing to follow I.R.E. 705. While we have determined that the I.R.E. 705 claim is unpreserved, to the extent Miskin is also arguing that the first Birch affidavit is otherwise sufficient, its sufficiency is addressed below. We agree with the district court that Miskin failed to submit sufficient evidence to create a genuine issue of material fact supporting his claim of incompetency at the time of the accident.

The admissibility of expert testimony is a threshold matter that is distinct from whether the testimony raises genuine issues of material fact sufficient to preclude summary judgment. *Arregui v. Gallegos-Main*, 153 Idaho 801, 804, 291 P.3d 1000, 1003 (2012). With regard to admissibility, the liberal construction and reasonable inferences standard does not apply. *Mattox v. Life Care Ctrs. Of Am., Inc.*, 157 Idaho 468, 473, 337 P.3d 627, 632 (2014). Rather, the district court "must look at the witness' affidavit or deposition testimony and determine whether it alleges facts which, if taken as true, would render the testimony of that witness admissible." *Id*.; *see Dlouhy v. Kootenai Hospital District*, 167 Idaho 639, 643, 474 P.3d 711, 715 (2020).

The Idaho Supreme Court has explained the test for measuring the sufficiency of materials for purposes avoiding summary judgment based on a statute of limitations defense as follows:

> Summary judgment is proper if the evidence before the court on the motion would warrant a directed verdict if the case were to go to trial. When the moving party presents materials which would entitle him to a directed verdict if presented at trial, the responding party may not hold back his evidence; he must present sufficient materials to establish a triable issue. Those materials must set forth the facts with particularity; for if general averments were sufficient the summary judgment procedure would lose its utility. *The requirement of specificity is underscored in cases where the moving defendant has established, prima facie, a defense grounded on the statute of limitations.*

*Johnson v. Gorton*, 94 Idaho 595, 598, 495 P.2d 1, 4 (1972).

Miskin argues that the district court erred in granting summary judgment because the first Birch affidavit was uncontradicted and sufficient to demonstrate that Miskin was incompetent on the date of the accident, warranting tolling of the applicable statute of limitations periods pursuant to I.C. § 5-230. Idaho Code § 5-230 provides:

> If a person entitled to bring an action, other than for the recovery of real property, be, at the time the cause of action accrued, either:
> 1. Under the age of majority; or

6

2. Insane.

The time of such disability is not a part of the time limited for the commencement of the action, provided however, that the time limited for the commencement of an action shall not be tolled for a period of more than six (6) years on account of minority, incompetency, a defendant's absence from the jurisdiction, any legal disability or for other cause or reason except as specifically provided in section 5-213, Idaho Code.

Idaho Code § 5-235 provides: "No person can avail himself of a disability unless it existed when his right of action accrued."

Miskin points to paragraphs 3 and 4 of the first Birch affidavit as creating a genuine issue of fact as to his claimed incompetency:

3.      I first began providing mental health evaluation and treatment of [Miskin], the Plaintiff herein, on June 14, 2023. He was brought to me by his father because he had recently been picked up by local law enforcement officers for walking outside without clothes. I have seen him several times since then. I have taken a complete mental health history of Mr. Miskin, performed an assessment, and have set him on a treatment course that has been somewhat successful.

4.      Mr. Miskin suffers from several mental health disorders of longstanding origin, including autistic disorder, schizoaffective disorder, and antisocial personality disorder. His recent history, prior to my initial visit, included intense delusions and hallucinations, and frequent suicidal ideation. He was reported to "freeze" in place unresponsively, anywhere between 30 seconds and 20 minutes at a time. I determined his condition was persistent and severe, preventing him from engaging in substantial gainful activity. He was unable to meet his basic needs without ample support from his parents. His situation was unlikely to improve, having been uncontrolled for years, without medication management for his mental illness in addition to other services.

The district court found that "the Record lacks even a hint of evidence that Jacob was insane or incompetent on March 20, 2019, the date his cause of action against [Morrell] accrued." The district court noted that Birch began her diagnosis and treatment of Miskin one year after the property damages statute of limitations lapsed and two years after the personal injury statute of limitations lapsed. As to Birch's statement that Miskin had "recently" been picked up by police for walking outside without clothes, the district court stated that fact did not provide evidence of incompetency in March 2019. Referring to paragraph 4 of Birch's affidavit (quoted above), the district court found that the facts stated, "offers no factual basis for [Birch's] conclusion that [Miskin] suffered from the same mental conditions, or to the same degree, on March 20, 2019, more than four years prior to his initial presentation to her." In addition, the district court noted that, aside from providing no facts to support her conclusion, Birch provided no medical or

7

scientific data to support the conclusion that Miskin was incompetent in March 2019. On the other hand, the district court took notice of other facts in the record. Miskin was wearing his seatbelt, after his vehicle rolled and he suffered injuries, he was able to write a statement about the accident, and he indicated that he preferred a specific towing company. The district court also noted in its findings of fact that "[Miskin] communicated to Trooper Hulet that he had been driving 35 miles per hour because he had a problem with the vehicle's hood. [Miskin] explained that he had his emergency lights activated." The district court noted that Birch had not considered these facts or how they might affect her opinion that Miskin was incompetent in March 2019.

While Birch states in the first affidavit that she has taken a history, none of the history stated directly relates to Miskin's competence in March 2019. The examples of unusual conduct are proximate to Birch's initiation of care and treatment in June 2023. Birch does state that Miskin's several mental health disorders, including autistic disorder, schizoaffective disorder, and antisocial personality disorder are "longstanding," but identifies no facts or basis to conclude that the conditions existed in March 2019. In the first Birch affidavit, she provides no explanation as to the relationship of autistic disorder, schizoaffective disorder, and antisocial personality disorder to incompetency generally, but more importantly, there is no explanation of the relationship between these diagnoses and Miskin's incompetence in March 2019. In other words, at best, Birch implies or infers that any person with those diagnosed disorders would be incompetent as that term is understood. But, as noted above, in this context on summary judgment, the liberal construction and reasonable inferences standards do not apply. *Mattox*, 157 Idaho at 473, 337 P.3d at 632.

Idaho Code § 5-230 does not define incompetence. In his brief and supplemental brief in opposition to summary judgment, Miskin cited to *Chico-Rodriguez v. State*, 141 Idaho 579, 581, 114 P.3d 137 (Ct. App. 1996), a post-conviction case, for the incompetency standard. In *Chico-Rodriguez*, this Court held: "petitioner must show that he suffered from a serious mental illness which rendered him incompetent to understand his legal right to bring an action within a year or otherwise rendered him incapable of taking necessary steps to pursue that right." *Id*. at 582, 114 P.3d at 140.

While the district court expressly adopted the standard in regard to the motion for reconsideration, the district court did not mention the standard in its decision granting summary judgment. The district court did, however, mention several contexts in which competency is presumed, but ultimately stated that, in this case, the question of whether competency is presumed

is irrelevant as the record lacked any evidence that Miskin was incompetent in March 2019. In doing so, the district court juxtaposed the Birch affidavit against facts relating to Miskin's lucidity immediately following the accident.[2]

As found by the district court, the first Birch affidavit is, under the standards set forth above, insufficient to demonstrate that Miskin was unable to understand his legal right to bring an action within a year or otherwise incapable of taking necessary steps to pursue that right in March 2019. On the motion for summary judgment, the district court correctly determined that Miskin failed to raise a genuine issue of material fact of incompetency in March 2019.

## C.    Motion for Reconsideration

In support of his motion for reconsideration, Miskin filed the second affidavit of Birch. In response to Miskin's motion for reconsideration, Morrell argued that the motion was inappropriate under I.R.C.P. 11.2(b) because the second Birch affidavit did not present "new" evidence and that the evidence should have been submitted in the first opposition to the motion for summary judgment. In reply, Miskin argued that, based on caselaw, the district court is required to consider evidence submitted in support of reconsideration as the point of I.R.C.P. 11.2(b) is to protect against factual and legal errors made in a court's initial decision.

The district court stated: "This Court has discretion as to whether it shall consider Ms. Birch's additional testimony." The district court found Miskin should have timely presented the information in opposition to the motion for summary judgment and noted "[Miskin] seeks to circumvent the summary judgment deadlines by provided (sic) expert testimony which could (and should) have been provided at the summary judgment phase of the proceeding, and which was clearly called-for by the tolling statute of which [Miskin] seeks to take advantage." The district court held: "Accordingly, [Miskin's] Motion for Reconsideration shall be denied because the Birch Declaration II is untimely."

The district court relied on *Ciccarello v. Davies*, 166 Idaho 153, 456 P.3d 519 (2019) and *Summerfield v. St. Luke's McCall, Ltd.*, 169 Idaho 221, 494 P.3d 769 (2021). In *Ciccarello*, just

---

[2]    The district court did not state that the underlying facts at the time of the accident were definitive, but, instead, noted that Birch failed to acknowledge and deal with those facts and that they "certainly" do not suggest incompetence.

as in this case, Ciccarello submitted an expert affidavit in support of reconsideration to address the "gap" in evidence identified by the district court.[3] The Idaho Supreme Court held:

> As indicated by the district court, because the declarations provided by Ciccarello's experts were untimely for consideration at summary judgment per Idaho Rule Civil Procedure 56(b)(2), it was not required to consider them in ruling on the motion for reconsideration. While this Court has explained that when considering a motion for reconsideration "the trial court should take into account any new facts presented by the moving party that bear on the correctness of the order," *Int'l Real Estate Solutions, Inc., v. Arave*, 157 Idaho 816, 819, 340 P.3d 465, 468 (2014), this rule was not designed to allow parties to bypass timing rules or fail to conduct due diligence prior to a court's ruling. Rather, "[t]he purpose of a motion for reconsideration is to reexamine the correctness of an order." *Id*.

*Ciccarello*, 166 Idaho at 162, 456 P.3d at 528.

The *Ciccarello* Court stated that, because Ciccarello filed the affidavit untimely from the date it would be due in response to the motion for summary judgment and Ciccarrello could have filed a motion for extension of time under I.R.C.P. 56(d), the district court was within its discretion to refuse to consider the affidavit on the motion for reconsideration.

In *Summerfield*, the Idaho Supreme Court reviewed the holding in *Ciccarello* and stated:

> *Ciccarello* held that the district court is afforded discretion on whether to consider untimely declarations of fact accompanying a motion for reconsideration. *Ciccarrelo's* reasoning is applicable here, too. The trial court should have the discretion to determine whether it will consider additional evidence in support of a motion for reconsideration, if it is submitted late. Without such discretion, "parties [can] bypass timing rules or fail to conduct due diligence prior to a court's ruling" because the trial court *must* consider any additional evidence. *Id*. at 162, 456 P.3d at 528. When addressing a motion for reconsideration, *Ciccarello* still requires a trial court to consider evidence touching on the "correctness" of its original order. For example, if the trial court's ruling was based on a misunderstanding of the record, or if there was material evidence in the record that either side failed to present to the court on summary judgment, the court must consider such evidence on reconsideration if it would affect the correctness of its original decision. However, *Ciccarello* allows the court discretion to not consider evidence which reasonably should have been made a part of the record sooner, but was not. In short, while a motion for reconsideration is a safety valve to protect against legal and factual errors, it is not intended to be a mechanism that encourages tactical brinkmanship or a lack of diligence.

*Summerfield*, 169 Idaho at 234, 494 P.3d at 782.

---

[3]  Ciccarello also submitted an expert affidavit just prior to the issuance of the order on summary judgment.

Miskin argues that, contrary to the holdings above, the district court had no discretion to refuse to consider the second Birch affidavit. Miskin relies on a statement in *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1317 (9th Cir. 1985) that, in view of Federal Rule of Evidence 705, if the district court felt that more detail would be desirable, the plaintiff should have been permitted to supply it. Miskin also argues that the Idaho Supreme Court hinted at the same in *Hilliard v. Murphy Land Co., LLC*, 158 Idaho 737, 351 P.3d 1195 (2015). In *Hilliard*, the Court, noting I.R.E. 705, found the district court did not err in requiring the facts and data supporting the affidavit be provided. *Id.* at 741, 351 P.3d at 1199. *Hilliard* does not stand for the proposition that, pursuant to I.R.E. 705, the trial court is *required* to provide the proponent an opportunity to cure an affidavit's deficiencies by supplying the missing underlying facts and data supporting the opinion. On the contrary, while the trial court may require additional facts and data, pursuant to *Ciccarello* and *Summerfield*, the trial court also has discretion to decline to consider a second affidavit purportedly supplying the underlying facts and data. The district court properly exercised its discretion to refuse to consider the second Birch affidavit and, consequently, did not err in the denial of Miskin's motion for reconsideration.

## D.     Attorney Fees

Both parties request attorney fees on appeal pursuant to I.C. § 12-121 and Idaho Appellate Rule 41, and costs under I.A.R. 40. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. As Miskin is not the prevailing party, he is not entitled to attorney fees.

In regard to Morrell's request for attorney fees, the Idaho appellate courts have held that where the appeal, or a portion of the appeal, turns on a question of law, an award of attorney fees under I.C. § 12-121 is proper if the law is well settled and the appellant has made no substantial showing that the district court misapplied the law. *Wait v. Leavell Cattle, Inc.*, 136 Idaho 792, 799, 41 P.3d 220, 227 (2001). Here, Miskin's arguments that the district court misapplied I.R.E. 705 and I.R.C.P, 11.2(b) are contrary to well settled law. In addition, in *Wait*, the Court awarded attorney fees under I.C. § 12-121, in part, because the appellant's arguments in opposition to summary judgment were without foundation and did not present any substantial legal argument showing there was any basis for tolling under the statute of limitations. *Id.* Again, Miskin's primary argument in regard to the first Birch affidavit is that I.R.E. 705 excused his failure to

11

supply facts and data underlying the opinion therein, which is not well grounded in law. The argument and the Birch affidavit are without foundation. Therefore, this Court awards attorney fees and costs to Morrell.

## IV.

## CONCLUSION

Miskin fails to demonstrate error in the district court's grant of summary judgment and denial of his motion for reconsideration. Therefore, the district court's judgment granting summary judgment and dismissing Miskin's complaint is affirmed. Costs and attorney fees are awarded to Morrell.

Judge HUSKEY and Judge LORELLO **CONCUR**.