**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50063**

| | | |
|---|---|---|
| **KEVIN KEITH BELL,** | ) | |
| | ) | **Opinion Filed: April 17, 2024** |
| **Petitioner-Appellant,** | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Rosemary Emory, District Judge.

Judgment dismissing amended petition for post-conviction relief, memorandum order denying motion to reconsider, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

———————————————————————

HUSKEY, Judge

Kevin Keith Bell appeals from the district court's final judgment summarily dismissing his amended petition for post-conviction relief and the memorandum decision denying his motion to reconsider that judgment. Bell argues the district court erred by summarily dismissing his petition and denying his motion to reconsider because he was not provided with adequate notice of the bases for dismissal on some of his claims. He also argues his petition raised a genuine issue of material fact as to one claim of ineffective assistance of counsel. The judgment and order summarily dismissing his amended petition for post-conviction relief and the memorandum order denying his motion to reconsider are affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bell was charged with rape and three counts of domestic battery; the district court entered a no-contact order on behalf of the victim. While that case was pending, Bell was charged with felony influencing a witness involving the victim of the battery and rape case. The district court joined the witness influencing case with the battery and rape case; Bell was convicted of one count of domestic battery, rape, and witness influencing. Bell appealed his sentences, which were affirmed by this Court in an unpublished opinion. *State v. Bell*, Docket Nos. 46975/47018/47019 (Ct. App. Aug. 31, 2020).

Bell filed a prose petition for post-conviction relief. Therein, Bell raised three claims: prosecutorial misconduct; insufficient evidence to sustain his conviction; and ineffective assistance of counsel. His claim of ineffective assistance of counsel cited three bases upon which he believed counsel performed deficiently: counsel failed to strike purportedly biased jurors from the final jury panel; counsel did not listen to recordings or evidence available and therefore failed to provide a defense for Bell; and counsel often nodded off and fell asleep during meetings and smelled like alcohol. Bell signed and certified the four-page "Petition and Affidavit for Post Conviction Relief." Bell attached a two-page "Affidavit of Facts in Support of Post-Conviction Petition" to his petition. The content of the affidavit, in its entirety reads as follows: "see attached affidavits herein specified"; "Exhibits A & B--Cindy Bell," Bell's wife; and "Exhibits C, D, E & F--Kevin L. Bell," Bell's father. Bell did not sign the form affidavit of facts in support, instead writing "signatures found on attached affidavit." Bell certified the affidavit form under penalty of perjury. Although the attached exhibits were signed by Cindy Bell and Kevin Bell, respectively, none were verified or certified that they were signed under the penalty of perjury.

Bell also attached a typed narrative to the form affidavit, which explained the various bases for his claims in the original petition; Bell also did not sign this document. In the narrative, Bell alleged a claim of prosecutorial misconduct, a claim the evidence was insufficient to sustain his conviction, and a claim of ineffective assistance of counsel which alleged three separate bases.

The State filed an answer requesting the claims be denied and the petition dismissed. The State asserted the petition failed to state a ground upon which relief could be granted; the petition was unsupported by admissible evidence and, thus, failed to raise a genuine issue of material fact; and any claims that could have been raised on direct appeal were procedurally defaulted.

2

Bell was appointed counsel and counsel filed an amended petition. The amended petition incorporated by reference the original petition[1] and affidavit for post-conviction relief and indicated the amended petition was supported by a contemporaneously filed affidavit of post-conviction counsel. Counsel's affidavit averred that counsel reviewed various trial documents and transcripts from the underlying criminal case and the exhibits attached to the affidavit were true and correct copies. There was no citation to facts in the documents or explanation of the relevance of the documents in the affidavit. The amended petition alleged two new claims of ineffective assistance of counsel: (1) trial counsel failed to object to the joinder of the battery and rape case with the witness influencing case, and the lack of objection allowed otherwise inadmissible testimony to be admitted; and (2) trial counsel failed to file a motion to preclude the State's expert from testifying or object to the expert's testimony at trial, which led to Bell's conviction. The amended petition clarified one of the claims of ineffective assistance of counsel raised in the original petition: trial counsel's failure to question or strike a potentially biased juror, A.L., resulted in a biased juror sitting on the final jury panel. The explanation of the alleged bias was two-fold: (1) Bell provided information that led to A.L.'s brother being terminated from his employment; and (2) A.L. was good friends with one of Bell's prior girlfriends and was partially responsible for the end of the relationship between Bell and the girlfriend.

The amended petition was not signed or verified by Bell. The State filed an answer to the amended petition, raising three affirmative defenses: Bell failed to state any grounds upon which relief could be granted; the amended petition contained bare and conclusory allegations unsupported by admissible evidence and, thus, failed to allege a genuine issue of material fact; and any claim that could have been, but was not, raised on direct appeal was procedurally defaulted. The State then filed an amended answer, which was identical to the previous answer but alleged an additional affirmative defense: that Bell did not verify the amended petition as required by Idaho Code §§ 19-4902(a), 19-4903, and, thus, it was subject to dismissal pursuant to I.C. § 19-4906. The State also filed a motion for the district court to take judicial notice of various documents from the underlying criminal cases.

The State then filed a motion for summary dismissal. Therein, the State moved for summary dismissal of the amended petition pursuant to I.C. § 19-4906(c) on the ground that the

---

[1] We strongly discourage this practice as it leads to confusion rather than clarity from an amended petition.

3

amended petition, generally, and the ineffective assistance of counsel claims, specifically, failed to allege a genuine issue of material fact. The State filed a brief in support of its motion for summary dismissal, which was incorporated into the motion.

In the brief in support, the State specifically argued: (1) the original petition was incomplete and was not supported by any admissible evidence; (2) Bell relied on the incomplete and unsupported original petition to support the claims in the amended petition; (3) no additional evidence was included as part of the amended petition; and, thus, (4) Bell failed to support his bare and conclusory allegations in the amended petition. The State also specifically addressed the claims of ineffective assistance of counsel raised in the amended petition and, as to each claim, argued Bell failed to raise a genuine issue of material fact as to either deficient performance or prejudice as required by the *Strickland*[2] standard. The State ultimately argued, "The *Amended Petition* and the attached *Petition* and supporting *Affidavit* are so insufficient the petitioner is not entitled to the relief sought"; Bell failed to support the amended petition with admissible evidence; Bell failed to raise a genuine issue of material fact; there was nothing to be decided by an evidentiary hearing; and the amended petition contained nothing more than unsupported, conclusory allegations.

Bell's post-conviction counsel filed a second affidavit. Therein, he averred that he sent a verification form to Bell for the amended petition, but the form was not received until after the date the amended petition was due. Because post-conviction counsel had no other verification for the amended petition, he included the language incorporating the original petition into the amended petition because the original petition was verified.[3] Once counsel received Bell's completed verification form for the amended petition, counsel filed it as part of the amended petition. Bell also filed a second affidavit. In that affidavit, he averred that trial counsel never consulted with him about joinder of the two cases; reiterated the information regarding A.L., the purportedly biased juror; and indicated trial counsel never discussed the State's expert's testimony with him or discussed the option of excluding or limiting that testimony. Thereafter, Bell filed a response to the State's motion for summary dismissal in which he argued that his amended petition was

---

[2]   *Strickland v. Washington*, 466 U.S. 668 (1984).

[3]   Based on post-conviction counsel's second affidavit, it appears he was not intending to incorporate the claims in the original petition into the amended petition, but instead, was attempting to incorporate the verification from the original petition to the amended petition.

supported by admissible evidence because it incorporated the original petition and the original affidavit, which contained his unsigned, typewritten statement. Additionally, Bell argued the transcripts, combined with his statements, were sufficient evidence that, if true, entitled him to post-conviction relief. Bell specifically addressed the claims of ineffective assistance of counsel in the amended petition but did not address the trial claims raised in the original petition. Bell also challenged the State's argument that his claims could be dismissed as a matter of law, arguing he was not required to provide any legal argument supporting the claims, but only needed to assert facts in support of his claims.

Following a hearing, the district court summarily dismissed the petition. The district court addressed the three claims of ineffective assistance of counsel listed in the amended petition but not the allegations set forth in the original petition. The court found that Bell failed to establish either prong of the *Strickland* standard on any of the ineffective assistance of counsel claims.

Bell filed an Idaho Rule of Civil Procedure 11.2(b) motion to reconsider but did not include any additional evidence for the district court to consider in conjunction with his motion. Instead, he argued the district court improperly summarily dismissed the petition because: (1) the district court did not give the twenty-day notice of dismissal pursuant to I.C. § 19-4906(b) before summarily dismissing the amended petition sua sponte; (2) the court could not dismiss the petition for lack of admissible evidence because that was not a ground argued by the State in its brief in support of its motion for summary dismissal; (3) the court erroneously concluded Bell was required, but failed, to provide legal argument, which is not required under the post-conviction statutes; and (4) the pleadings provided a genuine issue of material fact warranting an evidentiary hearing. The district court held a hearing on the motion to reconsider, after which it issued a memorandum decision denying the motion. Bell timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

5

Idaho Rules of Civil Procedure apply in all actions "of a civil nature." I.R.C.P. 1(b). Rule 11.2(b) permits a party to move the court to reconsider an interlocutory order. When deciding the motion for reconsideration, the district court must apply the same standard of review that the court applied when deciding the original order that is being reconsidered. In other words, if the original order was a matter within the trial court's discretion, then so is the decision to grant or deny the motion for reconsideration. If the original order was governed by a different standard, then that standard applies to the motion for reconsideration. Likewise, when reviewing a trial court's decision to grant or deny a motion for reconsideration, this Court utilizes the same standard of review used by the lower court in deciding the motion for reconsideration. If the decision was within the trial court's discretion, we apply an abuse of discretion standard. *Westover v. Idaho Counties Risk Management Program*, 164 Idaho 385, 391, 430 P.3d 1284, 1290 (2018).

## III.

## ANALYSIS

On appeal, Bell argues the district court erred by: (1) summarily dismissing the amended petition; and (2) denying his motion to reconsider its order summarily dismissing his amended petition. More specifically, Bell argues that for those individual claims not explicitly addressed by the State in its motion for summary dismissal, he should have been, but was not, given notice by the State or the district court of the bases for dismissal of those claims. Bell also argues he alleged a genuine issue of material fact as to his claim of ineffective assistance of counsel regarding A.L., the purportedly biased juror. The State argues Bell has failed to preserve a claim related either to the sufficiency or lack of notice by either the State or the district court, but even if he had, the claim fails on the merits because the State's motion for summary dismissal specifically referenced both the amended and the original petition and the lack of admissible evidentiary support for all the claims. Alternatively, the State argues Bell was not entitled to an additional twenty-day statutory notice because the district court did not sua sponte dismiss any claims. This is so, argues the State, because the district court's denial was based upon grounds related to the grounds set forth in the State's motion for summary disposition. Finally, the State argues that Bell has failed to allege a genuine issue of material fact on his ineffective assistance of counsel claim regarding the allegedly biased juror.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662

6

P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim

7

for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Because a post-conviction proceeding is governed by the Idaho Rules of Civil Procedure, a motion for summary dismissal must, pursuant to I.R.C.P. 7(b)(1), state the grounds for dismissal with particularity. *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. "If the ground for summary disposition is that there is no admissible evidence on an essential element of a claim, reasonable particularity only requires pointing that out." *Id.* For an ineffective assistance of counsel claim, reasonable particularity only requires pointing out that there is a lack of evidence showing deficient performance or prejudice pursuant to the *Strickland* standard. *See DeRushé*, 146 Idaho at 601-02, 200 P.3d at 1150-51. It does not require explaining what further evidence is necessary to substantiate a petitioner's claim. *Id.* at 602, 200 P.3d at 1151. If a petitioner believes the grounds for dismissal alleged by the State in its motion for summary dismissal are insufficient, he must object in the court below. *Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1. A petitioner cannot challenge the sufficiency of the State's grounds for dismissal for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151.

When considering whether to grant or deny a motion to reconsider, the court should apply the same standard as it did in considering the original motion. *Westby v. Schaefer*, 157 Idaho 616, 621, 338 P.3d 1220, 1225 (2014). Because the standard for reviewing the denial of the motion to reconsider is the same as when reviewing whether the district court erred in summarily dismissing the petition, if the petition was dismissed for failing to provide adequate factual support and petitioner does not submit any additional evidence in support of his motion to reconsider, the district court does not err in denying the motion to reconsider. This is because we review the denial of the motion to reconsider to assess whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. In this case, the State's motion for summary dismissal and the brief in support specifically reference that the original petition and original affidavit were incomplete and unsupported by any admissible evidence and, thus, did not provide support for the claims in the original or amended petition. The State also argued the amended petition similarly failed to provide factual support for any of the claims incorporated by

8

reference from the original petition or that were specifically set forth in the amended petition. After identifying both the original and amended petition as the documents to which the dismissal applied, the State listed multiple bases justifying summary dismissal of the amended petition: (1) the original petition and attachments were so insufficient that Bell was not entitled to relief; (2) even incorporating the original petition and attachments, Bell failed to support the amended petition with admissible facts and failed to allege a genuine issue of material fact which, if resolved in his favor, would entitle him to the requested relief; (3) there was nothing that could be decided by an evidentiary hearing; (4) the amended petition contained nothing more than conclusory allegations, unsupported by admissible evidence and, thus, the district court did not have to accept the allegations as true; and (5) Bell failed to meet either prong of the *Strickland* standard for his ineffective assistance of counsel claims. Thus, the State's response clearly addressed all claims raised in the amended petition, both those explicitly set forth and those incorporated by reference from the original petition.

The State is correct that Bell's original petition and attached documents, including the form affidavit, do not include any admissible evidence. Bell never signed the form affidavit or the typed narrative, and the documents signed by Cindy Bell and Kevin Bell were not verified or certified. As a result, none of the documents attached to the original petition were admissible evidence and consequently, there was no evidentiary support for any of the claims in the original petition. As to Bell's second affidavit, it provided no factual support for any of the trial error claims set forth in the original petition. The only factual statements in the amended petition that were relevant to any of Bell's claims were the statements related to A.L., the purportedly biased juror. To the extent Bell's post-conviction counsel argued there was factual support in the transcripts and documents from Bell's underlying criminal case, post-conviction counsel failed to identify, with particularity, which pages or sections of those documents upon which he relied. This Court will not search the record for support of claims.

Bell claims he was given no notice of the bases for dismissal of the claims in the original petition because the State addressed the claims in the aggregate instead of individually. Bell argues on appeal that unless the State is required to address each individual claim,

> it would effectively eliminate the need for the State to provide notice as to the grounds on which it seeks summary dismissal of a petition for post-conviction relief--the mere recitation of the pleading standard and the standard for summary

9

dismissal would be enough to put a petitioner on notice of the deficiencies in all of his claims. Surely that is not what is intended by the statutory notice requirements.

The Supreme Court made clear in *DeRushé* that a generalized statement regarding the deficiency of a claim is sufficient when it held, "If the ground for summary disposition is that there is no admissible evidence on an essential element of a claim, reasonable particularity only requires pointing that out." *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. Indeed, the pleading standard is so general that if the other party cannot assert surprise or prejudice, the requirement is met. *Id*. Here, the State's references to the original petition and the amended petition sufficiently notified Bell that all his claims--both those incorporated by reference from the original petition and those set forth in the amended petition--were deficient for the reasons set forth by the State. The State's additional explanation regarding the deficiencies of Bell's ineffective assistance of counsel claims set forth in the amended petition does not invalidate the general notice that *all* of Bell's claims failed as a matter of law for various reasons.

In essence, Bell is arguing the State's motion for summary disposition provided insufficient notice as to any claim not specifically addressed. If Bell thought the notice provided in the State's motion for summary disposition was insufficient, he was required to raise that issue in the trial court to preserve it for appeal. *Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1; *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. Bell had multiple opportunities to address the issue of notice in the trial court. *Kelly* is instructive in illustrating Bell's options. For example, Kelly could have objected to:

> the motion for summary dismissal on the basis that it fails to provide him with sufficient notice. Likewise, the petitioner could object to the sufficiency of the notice at the summary dismissal hearing before the district court. Finally, if the district court grants the State's motion for summary dismissal, the petitioner may file an I.R.C.P. 11 motion for reconsideration.

*Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1.

Bell had precisely the same opportunities as Kelly and, in fact, took advantage of those opportunities. For example, Bell objected by filing a response to the State's motion for summary dismissal, but nowhere in his response did he assert the notice was insufficient as to the incorporated claims from the original petition. Next, Bell could have raised the claim at the summary dismissal hearing, but despite making other arguments, he did not assert he had insufficient notice of the bases for dismissal listed in the State's motion as to the incorporated claims from the original petition. Finally, Bell could have raised the issue of insufficient notice

10

regarding the claims in his original petition in his motion for reconsideration or in the hearing on the motion, but again, he did not. In the motion to reconsider, Bell alleged the amended petition was improperly dismissed because he was not provided twenty-days' notice by the court and because the district court dismissed the amended petition for lack of verification. Thus, although listing some grounds regarding notice, he did not argue that either the State or the district court failed to provide any notice regarding the incorporated claims. Bell had multiple opportunities to raise the issue of insufficient notice regarding the claims in the original petition and did not do so. This Court will not engage in a sufficiency-of-the-notice analysis under the guise of considering whether an appellant was provided with any notice at all.

According to *DeRushé*, the State provided sufficient notice to Bell that all the claims in his amended petition, both those incorporated by reference and specifically addressed, failed to allege a genuine issue of material fact. Nothing in *DeRushé* or *Kelly* requires the State to address each claim, as opposed to the petition as a whole, when all claims suffer from various, universal deficiencies.

Next, Bell argues he was entitled to the twenty-day notice set forth in I.C. § 19-4906(b) because the district court's dismissal of his petition amounted to a sua sponte dismissal. Bell argues the district court did not rely on the same arguments presented by the State in dismissing Bell's claims of trial error and ineffective assistance of counsel. The State argues the district court relied, in part, on grounds asserted by the State in its motion for summary disposition and memorandum in support and, thus, the dismissal was not sua sponte. Idaho Code § 19-4906(b) provides in relevant part:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal.

A review of I.C. § 19-4906(b) demonstrates that a claim that a district court failed to provide notice requires the petitioner to show both that the district court did not provide twenty-days' notice *and* that it did not provide its reasons for the dismissal. Establishing only one of the two elements only establishes that the notice was insufficient, not that notice was lacking.

In *Ferrier v. State*, 135 Idaho 797, 25 P.3d 110 (2001), Ferrier argued the district court erred in granting the State's motion for summary dismissal without providing him twenty-days'

11

notice of the hearing on the State's motion. *Ferrier*, 135 Idaho at 799, 25 P.3d at 112. The Idaho Supreme Court held that Ferrier had not preserved the claim for appeal because Ferrier's counsel did not object to the lack of twenty-days' notice or request a continuance. The Court held: "If Ferrier believed that he was entitled to twenty days within which to respond to the State's motion to dismiss, he was required to raise that issue before the district court. Having failed to do so, he cannot now raise the issue on appeal." *Id.* Thus, according to *Ferrier*, an argument that the district court provided its reasons for dismissal but did not give twenty-days' notice, is a claim of insufficient notice and must be raised in the district court to be preserved on appeal. By way of logical analogy, then, a similar claim that the district court provided twenty-days' notice but not its reasons for dismissal is also a claim of insufficient notice and must also be raised in the district court to be preserved. As a petitioner must already address one of these elements to preserve a claim of insufficient notice, it is not an onerous burden to require a petitioner to address both elements in the trial court to preserve a claim of no notice.

The Court in *DeRushé* cited *Ferrier*'s holding in support that a petitioner in a post-conviction case cannot challenge the sufficiency of the notice of dismissal for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. A little more than a year later, in *Kelly*, the Court addressed whether a claim that the district court did not provide twenty-days' notice could be raised for the first time on appeal. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282. Specifically, the Court identified the issue as:

> Kelly also alleges that several of his claims were dismissed without *any* notice at all, and *DeRushé* does not preclude an appellant from asserting this claim for the first time on appeal. In Kelly's petition for post-conviction relief he claims, in relevant part, ineffective assistance of counsel based on his attorney's failure to file a motion to suppress evidence. The district court dismissed this claim without providing twenty days of notice, and Kelly claims that the State's MSD and Memo contained no notice of the grounds on which this claim was dismissed. We disagree.

*Id.*

In *Kelly*, the Court neither explicitly addressed whether *DeRushé* precludes raising a claim of no notice for the first time on appeal nor explicitly holds that a claim of no notice is preserved for appellate review, despite failing to raise the claim in the trial court. One can infer that because the Supreme Court analyzed *Kelly*'s claim on the merits, it must have implicitly concluded the issue was preserved. However, with no analysis explaining why the holdings in *Ferrier* and

12

*DeRushé* would not apply to a claim of lack of notice, we cannot reconcile the holding of *Kelly* with more recent precedent.

Both the Supreme Court and this Court have repeatedly cited *Kelly* for the proposition that a petitioner may assert for the first time on appeal that the post-conviction claims were dismissed without any notice. However, it appears that none of the subsequent opinions analyze why this claim, unlike others, need not be raised in the trial court to be preserved for appellate review. In addition to this lack of explanation, since *Kelly* was issued, the Supreme Court has repeatedly held that arguments not raised in the trial court may not be raised for the first time on appeal. *State v. Hoskins*, 165 Idaho 217, 221, 443 P.3d 231, 235 (2019). This preservation requirement has also been consistently and repeatedly applied to other civil cases. *See Taylor v. Taylor*, 169 Idaho 806, 813, 504 P.3d 342, 349 (2022) (holding Court will not address substantive issues raised for first time on appeal); *Gordon v. Hedrick*, 159 Idaho 604, 612, 364 P.3d 951, 959 (2015) (holding Court will not address constitutional claims raised for first time on appeal); *Needs v. Hebener*, 118 Idaho 438, 441, 797 P.2d 146, 149 (Ct. App. 1990) (holding Court will not address claims of procedural error for first time on appeal).

The preservation requirement applies to claims in a direct appeal of a criminal conviction, *Hoskins*, 165 Idaho at 226, 443 P.3d at 240; to claims in a capital post-conviction case, *Hall v. State*, 172 Idaho 334, 352, 533 P.3d 243, 261 (2023); and to other types of civil cases, some examples of which are listed above. Given Idaho appellate courts' almost universal holding that issues not raised in the trial court are not preserved for purposes of appellate review, we can discern no principled reason why the same requirement should not apply to claims of lack of notice in a non-capital post-conviction proceeding, a proceeding to which decidedly fewer constitutional protections apply.[4]

It appears this Court first addressed the issue of dismissing a petition on grounds not asserted by the State in *Gibbs v. State*, 103 Idaho 758-59, 653 P.2d 813-14 (Ct. App. 1982). The

---

[4] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding no Sixth Amendment right to counsel in collateral attack on conviction); *State v. Hall*, 163 Idaho 744, 830, 419 P.3d 1042, 1128 (2018) (capital defendant's constitutional due process rights did not require evidentiary hearing and no due process rights were violated by summary dismissal of his post-conviction petition); *Aeschliman v. State*, 132 Idaho 397, 402, 973 P.2d 749, 754 (Ct. App. 1999) (holding procedural due process not violated by limitation of discovery in post-conviction proceeding).

rationale for the rule was reiterated by this Court in *Baxter v. State*, 149 Idaho 859, 243 P.3d 675 (Ct. App. 2010), where this Court held:

> Our Supreme Court has held that a district court cannot "dismiss a claim on a ground not asserted by the State in its motion unless the court gives the twenty-day notice required by Section 19-4906(b)." *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. The notice procedure is necessary so that the applicant is afforded an opportunity to respond and to establish a material issue of fact if one exists. *Flores v. State*, 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996). *If a district court dismisses on grounds not contained in the state's motion, the applicant does not have the opportunity to respond and attempt to establish a material issue of fact. Garza v. State*, 139 Idaho 533, 537, 82 P.3d 445, 449 (2003) [abrogated on other grounds by *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011)].

*Baxter*, 149 Idaho at 865, 243 P.3d at 681 (emphasis added). However, the last sentence of the above quotation is not a correct statement of the law. It is not correct because a petitioner does have an opportunity to respond to the lack of twenty-days' notice, and/or a lack of explanation of the bases of dismissal, and to attempt to establish a material issue of fact both before and after a final judgment is entered. For example, as noted in *Kelly*, a petitioner could file an I.R.C.P. 11.2(b) motion to reconsider the summary dismissal order before the dismissal becomes final. In an I.R.C.P. 11.2(b) motion, the petitioner could bring to the district court's attention that the petition was summarily dismissed without the twenty-days' notice to respond, seek clarification of the bases of dismissal, or provide additional factual support and note the dismissal is improper in light of the additional evidentiary support for the claim(s). In an I.R.C.P. 11.2(b) motion, the Supreme Court has explained:

> [w]hen considering a motion [to reconsider], the trial court should take into account any new facts presented by the moving party that bear on the correctness of the interlocutory order." *Johnson v. N. Idaho Coll.*, 153 Idaho 58, 62, 278 P.3d 928, 932 (2012) (quoting *Coeur d'Alene Mining Co. v. First Nat'l Bank of N. Idaho*, 118 Idaho 812, 823, 800 P.2d 1026, 1037 (1990)). However, I.R.C.P. 11(a)(2)(B) "does not expressly contain a new evidence requirement." *Id.* This Court has explained that "[a] motion for reconsideration is a motion which allows the court--when new law is applied to previously presented facts, when new facts are applied to previously presented law, or any combination thereof--to reconsider the correctness of an interlocutory order. *Id.*

*Int'l Real Est. Sols., Inc. v. Arave*, 157 Idaho 816, 819, 340 P.3d 465, 468 (2014). Once a final judgment is entered, an I.R.C.P. 60(b)(1) motion permits a district court to grant relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect, which provides an opportunity for a petitioner to claim he was surprised by the district court summarily dismissing a

petition for post-conviction relief without providing the twenty-days' notice of dismissal, the reasons for the dismissal, or both. Thus, there are procedural rules that provide a mechanism for a petitioner to address in the district court a claim for which he was not given notice of dismissal and an opportunity to address any deficiencies in his petition for post-conviction relief both before and after a final judgment is issued.

As discussed above, Bell filed a motion to reconsider but did not include any additional evidence with the motion.[5] In that motion, Bell argued the district court improperly dismissed the claims in the amended petition but he never argued the district court improperly dismissed the incorporated claims or that he otherwise had no notice regarding the dismissal of the incorporated claims. In every filing following the original petition and at every subsequent hearing, post-conviction counsel never referenced the trial error claims set forth in the original petition. Instead, he focused exclusively on the claims explicitly set forth in the amended petition. In light of post-conviction counsel's failure to address the trial error claims in the original petition and in light of the line of cases regarding preservation, we can see no reason to excuse a petitioner from raising a claim in the trial court that he was not provided twenty-days' notice *and* the reasons for the dismissal to preserve a claim of no notice of the dismissal of his petition for appellate review.

Requiring the lack of notice issue be raised in the trial court provides the necessary context and record for this Court to review a claim on appeal. It further clarifies, for example, whether the district court dismissed the petition on the grounds set forth by the State in a motion for summary dismissal, or on grounds that rested, in part, on grounds set forth by the State, or its own grounds distinct from those grounds set forth by the State's motion. This process places the burden on the parties, rather than this Court, to identify and clarify the issues that will properly be before the appellate court. As discussed in *State v. Islas*, 165 Idaho 260, 443 P.3d 274 (Ct. App. 2019):

> There are a variety of reasons the preservation doctrine exists. "First, preservation requirements serve the division of labor between trial courts and appellate courts, whereby trial courts find facts and appellate courts focus on law." John F. Muller, *The Law of Issues*, 49 Wake Forest L. Rev. 1325, 1332 (2014). Second, "preservation requirements limit the costs of litigation, both for parties and for courts. Litigation, as the Supreme Court has stated, is a 'winnowing process,' and preservation rules are 'part of the machinery by which courts narrow what remains

---

[5] Neither Bell's initial nor amended petition were supported by admissible evidence. Bell submitted no additional evidence in support of his motion to reconsider. Because no additional evidence was submitted, Bell failed to create a genuine issue of material fact as to the arguments in the motion to reconsider, and the district court did not err in dismissing the motion.

to be decided.'" *Id.* (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 n.6 (2008) (quoting *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 531 (1st Cir. 1993))). "Third, preservation requirements help ensure that courts are exposed to the strongest possible arguments as they craft decisions applicable beyond the parties to the dispute." John F. Muller, *The Law of Issues*, 49 Wake Forest L. Rev. 1325 at 1332-33. Finally, preservation defines the bounds of judicial power; courts may not speak the law when they have no authority to do so. *Id*. at 1355-56.

*Islas*, 165 Idaho at 265-66, 443 P.3d at 279-80.

Thus, we conclude post-conviction claims regarding lack of notice as to either the twenty days or the substantive reasons that form the bases of the dismissal by the district court must be raised in the district court in order to be preserved for appellate review. Similarly, post-conviction claims regarding lack of notice as to the substantive reasons that form the bases of the dismissal by the State must be raised in the district court in order to be preserved for appellate review. To the extent prior opinions of this Court hold otherwise, we disavow those opinions on that issue. Because Bell did not raise the issue of no notice in the district court, it is not preserved for appeal.

However, even if we addressed Bell's claim, it fails. The Idaho Supreme Court has held that when a district court summarily dismisses a post-conviction petition relying, in part, on the same grounds presented by the State in its motion for summary dismissal, the notice requirement has been met. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283. Kelly argued the district court erred in dismissing his petition for post-conviction relief because the State's motion for summary dismissal contained no notice of the grounds on which his claims were dismissed, and the district court dismissed several of his claims on grounds entirely different than the grounds argued by the State. *Id.* The State's motion sought dismissal on all claims on the ground that Kelly had "no evidentiary basis to support his claims." *Id*. at 522, 236 P.3d at 1282. The Supreme Court held that although the district court considered Kelly's petition under several grounds not raised by the State, the district court's holding that "Kelly's petition for post-conviction relief fails because his affidavits do not contain admissible facts to support his allegations of ineffective assistance of counsel" and its statement that "Kelly failed to submit admissible facts in support of" his claim, were holdings based, in part, on the grounds argued by the State and, thus, Kelly was not entitled to any additional notice of dismissal. *Id*. at 523-24, 236 P.3d at 1283-84.

That is what happened in the case at bar. The State's motion for summary dismissal and memorandum in support provided Bell with notice that all the claims in his amended petition, including those incorporated from the original petition, were unsupported by admissible evidence

16

and failed to raise a genuine issue of material fact; as a result, Bell was not entitled to relief on any claim as a matter of law. The district court concluded that Bell was not entitled to relief on any of the three claims of ineffective assistance of counsel asserted in the amended petition because he failed to allege a genuine issue of material fact as to either deficient performance of trial counsel or prejudice, as required by *Strickland*. The district court also found Bell's claims of ineffective assistance of counsel to be meritless. Thus, the district court relied on some of the State's arguments--that Bell was not entitled to relief as a matter of law and he failed to allege both prongs of the *Strickland* standard for his ineffective assistance of counsel claims--as bases for its decision to summarily dismiss Bell's petition. Consequently, the district court's dismissal was not a sua sponte dismissal for which Bell was entitled to an additional twenty-days' notice set forth in I.C. § 19-4906(b).

Finally, Bell asserts that as to the allegedly biased juror, the district court erroneously dismissed that claim because he alleged a genuine issue of material fact as to the juror's alleged bias. We disagree. Bell asserted that the juror, A.L., was purportedly biased because: (1) Bell provided information that led to A.L.'s brother being terminated from his employment; and (2) A.L. was good friends with one of Bell's prior girlfriends and was partially responsible for the end of the relationship between Bell and the girlfriend. The district court found this was insufficient to allege a genuine issue of material fact as to both deficient performance by counsel and prejudice to Bell, as required by *Strickland*. The district court reasoned that Bell asserted no facts that indicated A.L. was aware that her brother had been terminated, that Bell had a role in that termination, or that she was biased even if she knew that information. The district court similarly held that Bell failed to provide any evidence that A.L. knew or remembered anything about Bell's involvement in the breakup or that it caused her to be biased. Ultimately, the district court concluded:

> In the absence of some showing that [A.L.] was *actually* biased, it cannot have been ineffective for counsel to leave her on the jury. Additionally, in the absence of admissible evidence that she violated her oath to fairly and impartially consider the evidence, there has been no demonstration of prejudice.

In order to establish a genuine issue of material fact regarding any prejudice from A.L. sitting as a juror, Bell was required to make, by way of admissible evidence, a prima facie showing of actual prejudice. He failed to provide any evidence of A.L.'s knowledge connecting Bell to any of the acts leading to the purported bias. He has similarly failed to produce any evidence that even

17

with that knowledge, A.L. was actually prejudiced. As a result, Bell has failed to meet the pleading requirements to avoid summary dismissal. Consequently, the district court did not err in dismissing the petition. Because the district court did not err in summarily dismissing Bell's amended petition for post-conviction relief, the court did not err in denying the motion for reconsideration.

## IV.

## CONCLUSION

Bell failed to preserve a challenge to either the sufficiency of the State's notice of the bases to summarily dismiss Bell's petition or the district court's alleged lack of notice prior to dismissing the petition. Bell was provided sufficient notice in the State's motion for summary disposition and its memorandum in support of the bases for summarily dismissing all the claims in Bell's amended petition for post-conviction relief, including those claims set forth in the original petition and incorporated into the amended petition. Because of that notice, the district court was not required to give Bell an additional twenty-days notice before dismissing the petition. Moreover, because Bell did not object in the district court to the lack of notice, he has failed to preserve the issue for appeal. The district court did not dismiss the amended petition on grounds different than those alleged by the State. Finally, the district court did not err in denying Bell's motion for reconsideration. Therefore, we affirm the district court's judgment and order dismissing Bell's amended petition for post-conviction relief and denying his motion to reconsider.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.