25 P.3d 110

**Eric Thomas FERRIER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 25275.

Supreme Court of Idaho,
Twin Falls, March 2001 Term.

May 23, 2001.

Greg S. Silvey, Boise, for appellant.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Myrna A.I. Stahman argued.

EISMANN, Justice.

Eric Thomas Ferrier appeals from an order granting the State's motion to dismiss his petition for post-conviction relief, contending that he was not given a twenty-day notice of

the hearing. The order of the district court is affirmed.

## I.

### FACTS AND PROCEDURAL HISTORY

Eric Thomas Ferrier pled guilty to aggravated battery and was sentenced to the custody of the Idaho Board of Correction for fifteen years, with the requirement that he serve at least the first five years in prison. On May 5, 1998, Ferrier filed a *pro se* petition for post-conviction relief. He accompanied his petition with a request for appointment of counsel, which was granted by the district court. On May 14, 1998, the State filed an answer to the petition and a separate motion under Idaho Code § 19–4906(c) to dismiss Ferrier's petition. The motion was scheduled for hearing on May 29, 1998. At the hearing, Ferrier's appointed counsel requested and was granted a continuance so that he could communicate with Ferrier.

On October 29, 1998, Ferrier's counsel filed an amended petition for post-conviction relief alleging various errors made by Ferrier's counsel in the criminal case. The State filed an answer on November 12, 1998, and on November 25, 1998, it filed and served by mail a motion pursuant to Idaho Code § 19–4906(c) to dismiss the amended petition. In its motion, the State addressed each of Ferrier's allegations regarding the allegedly deficient performance of his counsel and argued either that no facts were alleged showing prejudice or that the allegation did not provide a ground for post-conviction relief. The State's motion included a notice setting the motion for hearing on December 4, 1998.

At the hearing, counsel for the State argued that Ferrier had not alleged any facts showing that he was prejudiced from the alleged deficiencies of his counsel in the criminal case. In response, Ferrier's counsel [1] conceded that he could not show any prejudice. He stated as follows:

> As the Court has already indicated, counsel and the Court had discussed this very issue in the Court's chambers approximately a week ago, and, frankly, I believe

we had a very frank discussion at that point in time regarding the issues in this matter. I guess, I don't want to concede too much, although I have to acknowledge that **I do not believe that the defendant has the ability to show actual prejudice in this matter as a result of any deficiencies in the representation of him by previous counsel.** Frankly, assuming that the allegations are true, that the counsel failed to meet with the defendant prior to the preliminary hearing; that counsel failed to—there was one other issue. Well, then, Your honor, I'm looking at subparagraph D of paragraph nine of the amended petition where it indicates that there was a failure to make arrangements for the petitioner/defendant, in the criminal action to view a video tape interview; just some of those kinds of things, that frankly, as a matter of course, need to occur in the appropriate proper representation of the criminal defendant did not occur in this case, at least assuming true the allegations in the amended petition. Those kinds of things do need to be brought to the Court's attention if they were not occurring in the course of representation of indigent defendants by the public defender's office or other appointed counsel. But, again, Your Honor, **I have not been able to ascertain from the record, nor in my discussions with Mr. Ferrier, that those deficiencies,** and I believe they are deficiencies, in his representation by the public defender's office **created any actual prejudice to him or materially affected the ultimate outcome of this case, and I do have to concede that for the record here today.** (Emphasis added.)

The district court then granted the State's motion to dismiss the amended petition, and Ferrier appealed.

## II.

### STANDARD OF REVIEW

▆ An application for post-conviction relief is in the nature of a civil proceeding, entirely distinct from the underlying criminal appeal.

---

1. Ferrier is represented by different counsel on appeal.

action. *Peltier v. State,* 119 Idaho 454, 808 P.2d 373 (1991). The Idaho Rules of Civil Procedure generally apply. *State v. Goodrich,* 104 Idaho 469, 660 P.2d 934 (1983); I.C.R. 57(b). In determining whether a motion for summary dismissal is properly granted, a court must review the facts in a light most favorable to the petitioner, and determine whether they would entitle petitioner to relief if accepted as true. *Ivey v. State,* 123 Idaho 77, 844 P.2d 706 (1993). A court is required to accept the petitioner's unrebutted allegations as true, but need not accept the petitioner's conclusions. *Id.*

### III.

### ANALYSIS

■ The sole issue on appeal is whether the dismissal of Ferrier's petition should be vacated because he was not given twenty days' notice of the hearing on the State's motion for summary disposition. Idaho Code § 19–4906(b) provides that the trial court may *sua sponte* give notice of its intent to dismiss a petition for post-conviction relief, but it must give its reasons for doing so, and it must give the petitioner an opportunity to reply within twenty days to the proposed dismissal.[2] Idaho Code § 19–4906(c) governs motions for summary disposition made by one of the parties. It does not specify any period of notice before the hearing on the motion to dismiss.[3] Relying upon dicta in *State v. Christensen,* 102 Idaho 487, 632 P.2d 676 (1981). Ferrier argues that he was entitled to twenty days' notice before the hearing on the State's motion to dismiss. He has not preserved that issue for appeal.

At the hearing on the State's motion for summary disposition, Ferrier's counsel did not object to the lack of twenty days' notice, nor did he request a continuance. He simply conceded that after reviewing the record and talking with Ferrier, he had been unable to discover any actual prejudice to Ferrier resulting from the alleged deficiencies in the performance of Ferrier's counsel in the criminal case. Absent any objection to the lack of twenty days' notice, the district court did not err in proceeding with the hearing and in granting the State's motion to dismiss.

### IV.

### CONCLUSION

If Ferrier believed that he was entitled to twenty days within which to respond to the State's motion to dismiss, he was required to raise that issue before the district court. Having failed to do so, he cannot now raise the issue on appeal. The order of the district court dismissing Ferrier's amended petition for post-conviction relief is affirmed.

Chief Justice TROUT, Justices SCHROEDER, WALTERS and KIDWELL concur.

---

2. The statute provides as follows:

(b) When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or, direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact.

3. The statute provides as follows:

(c) The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.