**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49974**

| | |
|---|---|
| WADE ALEXZANDER BEST,<br><br>  Petitioner-Appellant,<br><br>v.<br><br>STATE OF IDAHO,<br><br>  Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed:  May 13, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Barbara A. Buchanan, District Judge.

Judgment and order summarily dismissing petition for post-conviction relief, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Wade Alexzander Best appeals from the district court's judgment and order summarily dismissing his petition for post-conviction relief.  Best argues the district court erred by summarily dismissing his petition without providing the twenty-day notice required by Idaho Code § 19-4906(b).  Best was sufficiently notified of the bases of dismissal asserted by the State in its motion for summary dismissal.  Even if Best was entitled to additional notice, Best failed to preserve the argument that he was deprived of the notice set forth in I.C. § 19-4906(b) because he did not raise that claim in the district court.  Further, because Best stipulated to have the motion decided without further evidence or a hearing, he forfeited any claim that the district court was required to give him any additional notice.  Finally, the district court did not sua sponte dismiss any of Best's claims because the dismissal was based, in part, on grounds argued by the State.  Therefore, we affirm the district court's judgment and order dismissing Best's petition for post-conviction relief.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement with the State, Best entered an *Alford*[1] plea to lewd and lascivious conduct with a child under sixteen, I.C. § 18-1508, and the district court sentenced him to a unified sentence of twenty years, with ten years determinate. Best appealed his sentence, which this Court affirmed in an unpublished opinion. *State v. Best*, Docket No. 47515 (Ct. App. July 16, 2020). Subsequently, Best filed a pro se petition for post-conviction relief and affidavit alleging various claims that can generally be grouped into two categories. First, Best alleged trial errors which the district court interpreted as: (1) officers violated his Fifth Amendment right by not providing him with *Miranda*[2] warnings before recording a confrontation call between Best and the victim's mother; (2) the court imposed an excessive bail amount; (3) the plea agreement violated a previous plea agreement from a separate Kootenai County case; (4) there was insufficient evidence to charge or prosecute him for the crime; and (5) the affidavit of probable cause contained inaccurate information. Second, Best alleged a claim of ineffective assistance of counsel, which contained several subparts. The district court construed the ineffective assistance of counsel claims as Best's trial counsel: (1) failed to adequately review the terms of the *Alford* plea with him for him to understand its terms and coerced him into signing the plea; (2) failed to suppress a confrontation call between Best and the mother of the victim and misinformed him as to the contents of the call; (3) negotiated a plea agreement that violated a previous plea agreement in a separate Kootenai County case; and (4) failed to devote sufficient time to discuss the case with Best or prepare for his case. For ease of reference, these categories will be referred to as the trial error claims and the ineffective assistance of counsel claims.

In response to Best's petition for post-conviction relief, the State filed a motion for summary disposition pursuant to I.C. § 19-4906(c), on the "general basis that in light of the pleadings, answers, admissions and the record of the underlying criminal case, the Petition fails to raise a genuine issue of material fact." The motion also alleged that Best's claims of ineffective assistance of counsel "fail to raise a genuine issue of material fact regarding both deficient performance of trial counsel and resulting prejudice." The State supported the motion with a memorandum, citing the pleading standards for a petition for post-conviction relief, as well as the

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

burden of proof for claims, generally, and ineffective assistance of counsel claims, specifically. The State addressed individually Best's claims two, three, and four of ineffective assistance of counsel. The State's memorandum then noted that the petition could be summarily dismissed if either the "allegations are clearly disproven by the record" or "if the Petitioner has not presented evidence making a prima facia case as to each essential element of the claims or if the Petitioner's allegations do not justify relief as a matter of law." The State also filed an affidavit from Best's trial counsel detailing the work she performed on the underlying criminal case.

Thereafter, Best filed a "stipulation to submit motion," wherein the parties agreed to have the motion for summary disposition decided without submitting any further evidence or holding oral argument. Best also filed an affidavit "incorporat[ing his petition and supporting affidavit of facts] by reference instead of reiterating both documents verbatim here." In that affidavit, Best provided additional details regarding his claim of ineffective assistance of counsel. As a result, the district court issued an order to consider the State's motion based on the affidavits filed and without further evidence or oral argument.

In a memorandum decision, the district court denied Best's claims and summarily dismissed the petition. The district court addressed all of Best's claims. The district court dismissed Best's trial error claims pursuant to I.C. § 19-4901(b) because they could have been raised on direct appeal and, thus, could not be considered in a post-conviction proceeding. Next, the court rejected Best's ineffective assistance of counsel claims as "disproven by the record in the criminal action or [] unsupported by admissible evidence." The district court concluded Best was not entitled to relief as a matter of law and dismissed his petition. Best timely appealed.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (2008). Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Best argues the district court erred in summarily dismissing his entire petition because he did not receive notice of the reasons for dismissal for each individual claim. Specifically, he alleges he did not receive reasons for the dismissal of his trial error claims or any claim of ineffective assistance of counsel not explicitly addressed by the State in its motion for summary disposition. For those individual claims not explicitly addressed by the State, Best argues he should have been, but was not, given the statutorily required notice pursuant to I.C. § 19-4906(b) of the court's intent to dismiss the claims sua sponte. The State argues Best had proper notice of dismissal for all claims because the State's motion for summary dismissal and supporting memorandum addressed all claims and stated the grounds for dismissal with legally sufficient particularity. Alternatively, the State argues Best was not entitled to the additional twenty-day statutory notice because the district court did not sua sponte dismiss any claims. This is so, argues the State, because the district court's denial was based upon grounds related to the grounds set forth in the State's motion for summary disposition.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

4

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Because a post-conviction proceeding is governed by the Idaho Rules of Civil Procedure, a motion for summary dismissal must, pursuant to I.R.C.P. 7(b)(1), state the grounds for dismissal with particularity. *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. "If the ground for summary disposition is that there is no admissible evidence on an essential element of a claim, reasonable particularity only requires pointing that out." *Id*. For an ineffective assistance of counsel claim, reasonable particularity only requires pointing out that there is a lack of evidence showing deficient

5

performance or prejudice pursuant to the *Strickland*[3] standard. *See DeRushé*, 146 Idaho at 601-02, 200 P.3d at 1150-51. It does not require explaining what further evidence is necessary to substantiate a petitioner's claim. *Id.* at 602, 200 P.3d at 1151. If a petitioner believes the grounds for dismissal alleged by the State in its motion for summary dismissal are insufficient, he must object in the court below. *Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1. A petitioner cannot challenge the sufficiency of the State's grounds for dismissal for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151.

In this case, the State's motion for summary dismissal alleged on a general basis, "in light of the pleadings, answers, admissions and the record of the underlying criminal case, the Petition fail[ed] to raise a genuine issue of material fact." This is sufficient notice pursuant to *DeRushé*. The Supreme Court made clear in *DeRushé* that a generalized statement regarding the deficiency of a claim is sufficient when it held, "If the ground for summary disposition is that there is no admissible evidence on an essential element of a claim, reasonable particularity only requires pointing that out." *Id.* at 601, 200 P.3d at 1150. Indeed, the pleading standard is so general that if the other party cannot assert surprise or prejudice, the requirement is met. *Id.* Here, the State's reference to the universal deficiencies in the petition sufficiently notified Best that all his claims failed to raise a genuine issue of material fact for the reasons set forth by the State. The State's additional explanation regarding the deficiencies of Best's ineffective assistance of counsel claims set forth in the amended petition does not invalidate the general notice that *all* of Best's claims failed as a matter of law for various reasons.

In essence, Best is arguing the State's motion for summary disposition provided insufficient notice as to any claim not specifically addressed. If Best thought the notice provided in the State's motion for summary disposition was insufficient, he was required to raise that issue in the trial court to preserve it for appeal. *Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1; *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. Best had multiple opportunities to address the issue of notice in the trial court. *Kelly* is instructive in illustrating Best's options. For example, Kelly could have objected to:

> the motion for summary dismissal on the basis that it fails to provide him with sufficient notice. Likewise, the petitioner could object to the sufficiency of the notice at the summary dismissal hearing before the district court. Finally, if the

---

[3]     *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

district court grants the State's motion for summary dismissal, the petitioner may file an I.R.C.P. 11 motion for reconsideration.

*Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1.

Best had precisely the same opportunities as Kelly but chose to forego those opportunities by stipulating to no further proceedings. This Court will not engage in a sufficiency-of-the-notice analysis under the guise of considering whether an appellant was provided with any notice at all. Best was given notice that all the claims in his petition failed to allege a genuine issue of material fact; nothing in *DeRushé* or *Kelly* requires the State to address each claim, as opposed to the petition as a whole, when all claims suffer from various, universal deficiencies. Consequently, we hold that Best was provided sufficient notice as to the grounds for dismissal for the claims in his petition for post-conviction relief. To the extent the notice was insufficient, because Best failed to raise a claim of insufficient notice in the district court, we will not consider the argument for the first time on appeal.

Next, Best argues he was entitled to the twenty-day notice requirement of I.C. § 19-4906(b) because the district court's dismissal of his petition did not rely on the same arguments presented by the State in dismissing Best's claims of trial error and ineffective assistance of counsel and thus, amounted to a sua sponte dismissal. The State argues the district court relied, in part, on grounds asserted by the State in its motion for summary disposition and memorandum in support and, thus, the dismissal was not sua sponte. Alternatively, the State argues that a different analysis should apply when claims are dismissed pursuant to I.C. § 19-4901(b) as opposed to I.C. § 19-4906(b) or (c). The State argues Best's trial claims were forfeited unless and until he established the claims could not have been raised in the direct appeal. The State further argues that Best failed to meet that threshold showing and, thus, his claims were not dismissed on the merits because they were never properly before the district court.

Idaho Code § 19-4906(b) provides in relevant part:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal.

A review of I.C. § 19-4906(b) demonstrates a claim that a district court failed to provide notice requires the petitioner to show both that the district court did not provide twenty-days' notice *and*

7

that it did not provide its reasons for the dismissal. Establishing only one of the two elements establishes that the notice was insufficient, not that notice was lacking.

In *Ferrier v. State*, 135 Idaho 797, 25 P.3d 110 (2001), Ferrier argued the district court erred in granting the State's motion for summary dismissal without providing him twenty-days' notice of the hearing on the State's motion. *Id.* at 799, 25 P.3d at 112. The Idaho Supreme Court held that Ferrier had not preserved the claim for appeal because Ferrier's counsel did not object to the lack of twenty-days' notice or request a continuance. The Court held: "If Ferrier believed that he was entitled to twenty days within which to respond to the State's motion to dismiss, he was required to raise that issue before the district court. Having failed to do so, he cannot now raise the issue on appeal." *Id.* Thus, according to *Ferrier*, an argument that the district court provided its reasons for dismissal but did not give twenty-days' notice, is a claim of insufficient notice and must be raised in the district court to be preserved on appeal. By way of logical analogy, then, a similar claim that the district court provided twenty-days' notice but not its reasons for dismissal is also a claim of insufficient notice and must also be raised in the district court to be preserved. As a petitioner must already address one of these elements to preserve a claim of insufficient notice, it is not an onerous burden to require a petitioner to address both elements in the trial court to preserve a claim of no notice.

The Court in *DeRushé* cited *Ferrier*'s holding in support of its holding that a petitioner in a post-conviction case cannot challenge the sufficiency of the notice of dismissal for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. A little more than a year later, in *Kelly*, the Court addressed whether a claim that the district court did not provide twenty-days' notice could be raised for the first time on appeal. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282. Specifically, the Court identified the issue as:

> Kelly also alleges that several of his claims were dismissed without *any* notice at all, and *DeRushé* does not preclude an appellant from asserting this claim for the first time on appeal. In Kelly's petition for post-conviction relief he claims, in relevant part, ineffective assistance of counsel based on his attorney's failure to file a motion to suppress evidence. The district court dismissed this claim without providing twenty days of notice, and Kelly claims that the State's MSD and Memo contained no notice of the grounds on which this claim was dismissed. We disagree.

*Kelly*, 149 Idaho at 522, 236 P.3d at 1282.

8

In *Kelly*, the Court neither explicitly addresses whether *DeRushé* precludes raising a claim of no notice for the first time on appeal nor explicitly holds that a claim of no notice is preserved for appellate review, despite failing to raise the claim in the trial court. One can infer that because the Supreme Court analyzed *Kelly*'s claim on the merits, it must have implicitly concluded the issue was preserved. However, with no analysis explaining why the holdings in *Ferrier* and *DeRushé* would not apply to a claim of lack of notice, we cannot reconcile the holding of *Kelly* with more recent precedent.

Both the Supreme Court and this Court have repeatedly cited *Kelly* for the proposition that a petitioner may assert for the first time on appeal that the post-conviction claims were dismissed without any notice. However, it appears that none of the subsequent opinions analyze why this claim, unlike others, need not be raised in the trial court to be preserved for appellate review. In addition to this lack of explanation, since *Kelly* was issued, the Supreme Court has repeatedly held that arguments not raised in the trial court may not be raised for the first time on appeal. *State v. Hoskins*, 165 Idaho 217, 221, 443 P.3d 231, 235 (2019). This preservation requirement has also been consistently and repeatedly applied to other civil cases. *See Taylor v. Taylor*, 169 Idaho 806, 813, 504 P.3d 342, 349 (2022) (holding Court will not address substantive issues raised for first time on appeal); *Gordon v. Hedrick*, 159 Idaho 604, 612, 364 P.3d 951, 959 (2015) (holding Court will not address constitutional claims raised for first time on appeal); *Needs v. Hebener*, 118 Idaho 438, 441, 797 P.2d 146, 149 (Ct. App. 1990) (holding Court will not address claims of procedural error for first time on appeal).

The preservation requirement applies to claims in a direct appeal of a criminal conviction, *Hoskins*, 165 Idaho at 226, 443 P.3d at 240; to claims in a capital post-conviction case, *Hall v. State*, 172 Idaho 334, 352, 533 P.3d 243, 261 (2023); and to other types of civil cases, some examples of which are listed above. Given Idaho appellate courts' almost universal holding that issues not raised in the trial court are not preserved for purposes of appellate review, we can discern no principled reason why the same requirement should not apply to claims of lack of notice in a non-capital post-conviction proceeding, a proceeding to which decidedly fewer constitutional protections apply.[4]

---

[4] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding no Sixth Amendment right to counsel in collateral attack on conviction); *State v. Hall*, 163 Idaho 744, 830, 419 P.3d 1042, 1128 (2018) (capital defendant's constitutional due process rights did not require evidentiary hearing

It appears this Court first addressed the issue of dismissing a petition on grounds not asserted by the State in *Gibbs v. State*, 103 Idaho 758, 759, 653 P.2d 813, 814 (Ct. App. 1982). The rationale for the rule was reiterated by this Court in *Baxter v. State*, 149 Idaho 859, 243 P.3d 675 (Ct. App. 2010), where this Court held:

> Our Supreme Court has held that a district court cannot "dismiss a claim on a ground not asserted by the State in its motion unless the court gives the twenty-day notice required by Section 19-4906(b)." *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. The notice procedure is necessary so that the applicant is afforded an opportunity to respond and to establish a material issue of fact if one exists. *Flores v. State*, 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996). *If a district court dismisses on grounds not contained in the state's motion, the applicant does not have the opportunity to respond and attempt to establish a material issue of fact.* *Garza v. State*, 139 Idaho 533, 537, 82 P.3d 445, 449 (2003) [abrogated on other grounds by *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011)].

*Baxter*, 149 Idaho at 865, 243 P.3d at 681 (emphasis added). However, the last sentence of the above quotation is not a correct statement of the law. It is not correct because a petitioner does have an opportunity to respond to the lack of twenty-days' notice, and/or a lack of explanation of the bases of dismissal, and to attempt to establish a material issue of fact both before and after a final judgment is entered. For example, as noted in *Kelly*, a petitioner could file an I.R.C.P. 11.2(b) motion to reconsider the summary dismissal order before the dismissal becomes final. In an I.R.C.P. 11.2(b) motion, the petitioner could bring to the district court's attention that the petition was summarily dismissed without the twenty-days' notice to respond, seek clarification of the bases of dismissal, or provide additional factual support and note the dismissal is improper in light of the additional evidentiary support for the claim(s). In an I.R.C.P. 11.2(b) motion, the Supreme Court has explained:

> "[w]hen considering a motion [to reconsider], the trial court should take into account any new facts presented by the moving party that bear on the correctness of the interlocutory order." *Johnson v. N. Idaho Coll.*, 153 Idaho 58, 62, 278 P.3d 928, 932 (2012) (quoting *Coeur d'Alene Mining Co. v. First Nat'l Bank of N. Idaho*, 118 Idaho 812, 823, 800 P.2d 1026, 1037 (1990)). However, I.R.C.P. 11(a)(2)(B) "does not expressly contain a new evidence requirement." *Id.* This Court has explained that "[a] motion for reconsideration is a motion which allows the court-- when new law is applied to previously presented facts, when new facts are applied

and no due process rights were violated by summary dismissal of his post-conviction petition); *Aeschliman v. State*, 132 Idaho 397, 402, 973 P.2d 749, 754 (Ct. App. 1999) (holding procedural due process not violated by limitation of discovery in post-conviction proceeding).

10

to previously presented law, or any combination thereof--to reconsider the correctness of an interlocutory order." *Id.*

*Int'l Real Est. Sols., Inc. v. Arave*, 157 Idaho 816, 819, 340 P.3d 465, 468 (2014). Once a final judgment is entered, an I.R.C.P. 60(b)(1) motion permits a district court to grant relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect, which provides an opportunity for a petitioner to claim he was surprised by the district court summarily dismissing a petition for post-conviction relief without providing the twenty-days' notice of dismissal, the reasons for the dismissal, or both. Thus, there are procedural rules that provide a mechanism for a petitioner to address in the district court a claim for which he was not given notice of dismissal and an opportunity to address any deficiencies in his petition for post-conviction relief both before and after a final judgment is issued. In light of the line of cases regarding preservation, we can see no reason to excuse a petitioner from raising a claim in the trial court that he was not provided twenty-days' notice *and* the reasons for the dismissal to preserve a claim of no notice of the dismissal of his petition for appellate review.

Requiring the lack of notice issue be raised in the trial court provides the necessary context and record for this Court to review a claim on appeal. It further clarifies, for example, whether the district court dismissed the petition on the grounds set forth by the State in a motion for summary dismissal, or on grounds that rested, in part, on grounds set forth by the State, or its own grounds distinct from those grounds set forth by the State's motion. This process places the burden on the parties, rather than this Court, to identify and clarify the issues that will properly be before the appellate court. As discussed in *State v. Islas*, 165 Idaho 260, 443 P.3d 274 (Ct. App. 2019):

> There are a variety of reasons the preservation doctrine exists. "First, preservation requirements serve the division of labor between trial courts and appellate courts, whereby trial courts find facts and appellate courts focus on law." John F. Muller, *The Law of Issues*, 49 Wake Forest L. Rev. 1325, 1332 (2014). Second, "preservation requirements limit the costs of litigation, both for parties and for courts. Litigation, as the Supreme Court has stated, is a 'winnowing process,' and preservation rules are 'part of the machinery by which courts narrow what remains to be decided.'" *Id.* (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 n.6 (2008) (quoting *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 531 (1st Cir. 1993))). "Third, preservation requirements help ensure that courts are exposed to the strongest possible arguments as they craft decisions applicable beyond the parties to the dispute." John F. Muller, *The Law of Issues*, 49 Wake Forest L. Rev. 1325 at 1332-33. Finally, preservation defines the bounds of judicial power; courts may not speak the law when they have no authority to do so. *Id*. at 1355-56.

*Islas*, 165 Idaho at 265-66, 443 P.3d at 279-80.

11

Thus, we conclude post-conviction claims regarding lack of notice as to either the twenty days or the substantive reasons that form the bases of the dismissal by the district court must be raised in the district court in order to be preserved for appellate review. Similarly, post-conviction claims regarding lack of notice as to the substantive reasons that form the bases of the dismissal by the State must be raised in the district court in order to be preserved for appellate review. To the extent prior opinions of this Court hold otherwise, we disavow those opinions on that issue. Because Best did not raise the issue of no notice in the district court, it is not preserved for appeal.

However, even if we addressed Best's claim, it fails. The Idaho Supreme Court has held that when a district court summarily dismisses a post-conviction petition relying, in part, on the same grounds presented by the State in its motion for summary dismissal, the notice requirement has been met. *See Kelly*, 149 Idaho at 523, 236 P.3d at 1277. Kelly argued the district court erred in dismissing his petition for post-conviction relief because the State's motion for summary dismissal contained no notice of the grounds on which his claims were dismissed, and the district court dismissed several of his claims on grounds entirely different than the grounds argued by the State. The State's motion sought dismissal on all claims on the ground that Kelly had "no evidentiary basis to support his claims." *Id*. at 522, 236 P.3d at 1282. The Supreme Court held that although the district court considered Kelly's petition under several grounds not raised by the State, the district court's holding that "Kelly's petition for post-conviction relief fails because his affidavits do not contain admissible facts to support his allegations of ineffective assistance of counsel" and its statement that "Kelly failed to submit admissible facts in support of" his claim, were holdings based, in part, on the grounds argued by the State and, thus, Kelly was not entitled to any additional notice of dismissal *Id*. at 523-24, 236 P.3d at 1283-84.

In this case, Best was not entitled to the twenty-day notice provided in I.C. § 19-4906 for two reasons. First, as we held above, Best was provided sufficient notice of dismissal based on the State's motion for summary dismissal. On appeal, Best concedes that because he agreed to have the motion for summary disposition decided without submitting any further evidence or holding oral argument, he forfeited his right to respond to the claims addressed by the State in its motion for summary disposition. Best argues, however, that the stipulation did not forfeit his right to respond to any claims that were not addressed by the State. Best's argument is without merit because the State's notice addressed all the claims in Best's petition. Therefore, Best forfeited the right to respond to any of the claims in his petition and, thus, was not entitled to additional notice.

12

Second, the district court's summary dismissal did not amount to a sua sponte dismissal that would trigger the twenty-day notice requirement of I.C. § 19-4906(b) because the district court dismissed the petition, in part, on grounds alleged by the State. The State's basis for dismissing the petition was on the "general basis that in light of the pleadings, answers, admissions and the record of the underlying criminal case, the Petition fails to raise a genuine issue of material fact." The State's memorandum noted generally that summary judgment was appropriate "if the Petitioner has not presented evidence making a prima facia [sic] case as to each essential element of the claims or if the Petitioner's allegations do not justify relief as a matter of law." The State addressed individually Best's claims two, three, and four of ineffective assistance of counsel, identifying the deficiencies with each claim and pointing to the affidavit of trial counsel, the record in the underlying case, or both in support of its argument. The district court dismissed the trial error claims because, as a matter of law, the claims could not be raised in a petition for post-conviction relief. The district court found Best's claims of ineffective assistance of counsel were "clearly disproven by the record in the criminal action or are unsupported by admissible evidence."

Thus, as to the trial error claims, the district court relied on some of the State's arguments--that Best was not entitled to relief as a matter of law. As to Best's ineffective assistance of counsel claims, the district court dismissed the claims on the same grounds as alleged by the State: the claims were disproven by the record or were unsupported by admissible evidence. Thus, the district court relied, at least in part, on the grounds raised by the State in its decision to summarily dismiss Best's petition. Consequently, the district court's dismissal was not a sua sponte dismissal for which Best was entitled to an additional twenty-days' notice set forth in I.C. § 19-4906(b).

## IV.

## CONCLUSION

Because the State's motion for summary disposition and its memorandum in support identified the bases for summarily dismissing all the claims in Best's petition for post-conviction relief, Best was not entitled to additional notice. Best failed to preserve his argument that he was deprived of the notice set forth in I.C. § 19-4906(b) because he did not raise that claim in the district court. Additionally, because Best stipulated to have the motion decided without further evidence or a hearing, the district court was not required to give Best twenty-days' notice. Even if Best was entitled to additional notice, the district court did not sua sponte dismiss any of Best's

13

claims.  Therefore, we affirm the district court's judgment and order dismissing Best's petition for post-conviction relief.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.